**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald THOMPSON,
Defendant-Appellant.**

No. 82–3320.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1983.

William Noland, New Orleans, La., for defendant-appellant.

John P. Volz, U.S. Atty., Howat A. Peters, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before RANDALL and HIGGINBOTHAM, Circuit Judges, and McDONALD *, District Judge.

PER CURIAM:

The defendant, Ronald Thompson, appeals his convictions on two grounds: (1) that the district court erred in finding that there were exigent circumstances which justified a warrantless search of his residence; and (2) that the district court erred in finding that these exigent circumstances were not deliberately created by the government. After reviewing the record and findings of the district court, we conclude there is no error, and accordingly affirm.

Thompson was convicted of conspiracy to possess with intent to distribute cocaine hydrochloride and of possession with intent to distribute the same in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846 and 18 U.S.C. § 2. He was sentenced to serve five years on the conspiracy count and five years on the possession with intent to distribute count, to run concurrently, and he received a three-year special parole term on the second count.

Thompson appealed his convictions, contending that the district court should have granted his motion to suppress evidence obtained by government agents who entered his home without a warrant. We vacated his convictions and sentences in *United States v. Thompson*, 700 F.2d 944, 952 (5th Cir.1983), and remanded the case to the district court for findings of fact and conclusions of law on the following issues:

(1) whether there were exigent circumstances which would normally have justified the agents' warrantless entry into Thompson's home; and

(2) whether those exigent circumstances cannot justify the entry in this case because they were deliberately created by the government.[1]

If the district court found that the agents' entry into Thompson's home was unlawful, then it was to suppress the evidence. If it found that the seizure of the evidence was lawful, then the original convictions and sentences were to be reinstated. On remand, the district court found that exigent circumstances justified a warrantless entry into Thompson's house, and that these circumstances were not deliberately created by the government. Accordingly, Thompson's convictions and sentences were reinstated.

Thompson now challenges the district court's finding that the agents' entry into his home was lawful.[2] The facts leading to Thompson's convictions, and the relevant legal considerations resulting in our remand as to the existence and creation of exigent circumstances, are fully set forth in our previous opinion and need not be reiterated here. Instead, we shall proceed to review the district court's findings.

In examining the record before us, we note we are bound by factual findings of the district court which are not clearly erroneous. *United States v. Passmore*, 671 F.2d 915, 917 (5th Cir.1982); *Barrientos v. United States*, 668 F.2d 838, 841 (5th Cir. 1982). In finding whether a warrantless entry arose from exigent circumstances, we instructed the district court to determine whether (1) the agents believed there was danger to the informant or (2) the agents'

---

\* District Judge of the Southern District of Texas, sitting by designation.

1. In his prior appeal Thompson also argued that the evidence was insufficient to support his conviction of possession with intent to distribute cocaine. We found there was ample evidence to support this conviction, and this issue is not presently before us on appeal.

2. In our previous opinion, we instructed that if Thompson challenged the trial court's findings on remand, he did not need to file a new appeal. Instead, he was to lodge with this court certified copies of the trial court's findings and, if needed, supplementary briefs or other materials. *United States v. Thompson*, 700 F.2d 944, 952 n. 7 (5th Cir.1983).

entry was motivated by the fear of imminent destruction of the contraband. The agents' entry into the house was found to have resulted from both of these circumstances.

■ The district court found that the agents feared for the informant's safety because the informant was left in the house with Thompson's co-defendant, Hernandez. Once Hernandez realized that Thompson had been arrested and that the informant had participated in causing that arrest, there was a reasonable expectation that Hernandez might cause the informant bodily harm. The district court's finding that exigent circumstances existed because of the agents' fear for the informant's safety is not clearly erroneous.

The district court also found that the agents entered the house because they feared Hernandez would destroy the evidence once he realized that Thompson had been apprehended. In remanding the case to the district court, we noted that the district court had not made any finding that the agents' actions were motivated by their fear of imminent destruction of the evidence, although there was some evidence in the record to suggest such a motivation. *United States v. Thompson,* 700 F.2d at 949 (5th Cir.1983).[3] Although there was no attempt by the government on remand to address the issue of whether the agents' entry was motivated by the fear of imminent destruction of the evidence, the district court inferred from the agents' statements and actions that this fear existed. The district court's conclusion, although not as well supported by the record as the find-ing with regard to the informant's safety, is not clearly erroneous. Therefore, we do not disturb either of the court's findings as to the existence of exigent circumstances.

In determining whether the presence of exigent circumstances was created by the government, we instructed the district court to make a specific finding as to whether Agent Woodfork was aware of the possibility that Thompson would recognize him before Thompson appeared at the door. The district court found that Woodfork, prior to arriving at Thompson's house, knew only that the target's first name was Ronald, and did not know Thompson's last name or address. Although Woodfork had known a Ronald Thompson from grade school and from his work as a law enforcement officer, the court found that Woodfork was not aware of the possibility the target Ronald was the Ronald Thompson he knew. The court also determined that Woodfork was planning to enter the house with the informant until he recognized Thompson. Woodfork would not have planned to accompany the informant into Thompson's home if he thought there was a possibility he knew Thompson, and that Thompson would recognize him. Our review of the testimony given after the case was remanded does not reveal that the district court clearly erred in finding that Woodfork was not aware of the possibility that he knew Thompson.

Because the agents' entry into the Thompson house was lawful, there was no basis to suppress the evidence seized. The judgment of the district court is AFFIRMED.

**3.** In discussing whether the agents could have reasonably believed that the evidence was in danger of imminent destruction, we enumerated the following factors relevant to making such a determination:

(1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) reasonable belief that the contraband is about to be removed; (3) the possibility of danger to the police officers guarding the site of the contraband while a search warrant is sought; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband and the knowledge "that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic."

*United States v. Thompson,* 700 F.2d at 948 (5th Cir.1983).

In applying these factors to the present case, we stated that while the government might have been able to demonstrate that the agents feared imminent destruction of the evidence, there was no actual indication of this fear and that the district court was to make a finding on this issue.