Manuel BARRIENTOS a/k/a Manny Redmon, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 81–1072.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1982.

Elizabeth Unger Carlyle, Dallas, Tex., for petitioner-appellant.

Rebecca Gregory, Shirley Baccus-Lobel, Asst. U. S. Attys., Dallas, Tex., for the U. S.

Before GEE, GARZA and REAVLEY, Circuit Judges.

GARZA, Circuit Judge:

Appellant, Manuel Barrientos a/k/a Manny Redmon, and his mother, Luchea Barrientos, were jointly indicted for possession and delivery of heroin. The facts indicate

that Redmon sold some heroin to an undercover DEA agent, such substance having been delivered to the agent as "incense" purchased from Redmon's mother, at Luchea's Psychic World, a business establishment used by Redmon as a front for the sale of narcotics.

Following his indictment, Redmon retained counsel to represent both his mother and himself. According to counsel, Pat Robertson, Redmon initially told him that he was innocent of the crime for which he was charged. After flunking Robertson's lie detector test, however, Redmon confessed his guilt to his lawyer. At some point thereafter, counsel advised his client of the possibility of plea bargaining, as well as testifying in his mother's case. Redmon had indicated to counsel that he alone was responsible for the sale of the heroin.

Redmon subsequently pled guilty to possession of and aiding and abetting in the distribution of heroin in violation of 21 U.S.C. § 844(a), 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Thereafter Redmon testified at his mother's trial, implicating himself while exculpating her. He was sentenced to seven years imprisonment and was fined $1,000.00.

Redmon subsequently brought a 28 U.S.C. § 2255 application for post-conviction relief in the United States District Court alleging primarily: (1) that he did not receive the effective assistance of counsel because his attorney represented both him and his mother who was his co-defendant in what petitioner asserts to have been a clear conflict of interest; (2) that his plea of guilty was involuntary and in violation of Federal Rule of Criminal Procedure 11 because it was based on promises apart from the plea bargain which were not kept; and (3) that he repeatedly requested his lawyer to perfect an appeal but that his lawyer refused and failed to do so. Following a hearing before a U. S. Magistrate, the district court adopted the Magistrate's recommendations and denied appellant's claims for relief. For the reasons set forth below, we affirm the district court.[1]

I

Appellant's first claim is that he was denied his Sixth Amendment right to effective assistance of counsel because of the dual representation by counsel of Redmon's mother and himself. We understand this argument to proceed as follows: Counsel for Redmon recognized that it was not possible to successfully defend both clients, and that Redmon's testimony could be an essential element in the defense of Luchea Barrientos, if Redmon would take sole blame for the crime charged. Accordingly, counsel determined that the best way to represent Mrs. Barrientos was to advise Redmon to plead guilty, and to testify in his mother's trial inculpating himself and exculpating her. By pleading guilty, Redmon's testimony could be preserved for his mother's defense. Recognizing these factors, Redmon argues that it was humanly impossible for an attorney who knew that the inculpatory testimony of one client was essential in the defense of another to adequately advise the first client as to the propriety of pleading guilty and as to what defenses were available to him. Such a scenario, he claims, created a conflict of interest warranting § 2255 relief.

■ Multiple representation does not violate the Sixth Amendment unless it gives rise to a conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 346 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). It is affirmatively established that no Sixth Amendment viola-

---

1. In petitioner's application for § 2255 relief, he also alleged (1) that the presentence report in this case was incomplete because the Probation Officer failed to investigate the petitioner under the name of Manny Redmon even though the Probation Officer knew that that was petitioner's legal name; and (2) that he was denied due process of law because he was convicted and sentenced under the name of Manuel Barrientos which is not his true legal name. Redmon has pursued neither of these issues on appeal as separate grounds for relief and so has abandoned them in that regard. *Boyd v. Estelle*, 661 F.2d 388, 389 n.1, (5th Cir. 1981); *Battie v. Estelle*, 655 F.2d 692, 694 n.1 (5th Cir. 1981).

841

tion occurs unless defendant demonstrates "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan, supra; Baty v. Balkcom*, 661 F.2d 391 (5th Cir. 1981). A potential conflict of interest or one which is merely speculative does not by itself make out a constitutional claim. *Id.*

In examining the record before us, we note the standard of review applicable to this claim. An appellate court is bound by factual findings of a district court which are not clearly erroneous; however, mixed questions of law and fact and questions of law permit us to substitute our own judgment for that of the district court. See *Baty v. Balkcom, supra* at 394 n.7; *Baker v. Metcalfe*, 633 F.2d 1198, 1201 (5th Cir.), *cert. denied*, 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981). Determinations concerning the adequacy of counsel and the existence of a conflict of interests are mixed determinations of fact and law subject to independent review. See *Cuyler v. Sullivan, supra*, 446 U.S. at 341–42, 100 S.Ct. 1708, 1714–15, 64 L.Ed.2d 333, 342 (1980); *Baty v. Balkcom, supra* at 394 n.5 (5th Cir. 1981).

An examination of the § 2255 hearing below reveals that Redmon's attorney, Robertson, was not unaware at the time he was retained of the potential conflict presented by dual representation of the co-defendants in this case. Robertson indicated that he discussed this possibility with Redmon prior to proceeding to represent him. Furthermore, after Redmon confessed his guilt and decided to plead guilty, counsel determined that dual representation of the co-defendants would not result in a conflict of interest. "An 'attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of trial.'" *Holloway v. Arkansas, supra*, quoting *State v. Davis*, 110 Ariz. 29, 31, 514 P.2d 1025, 1027 (1973).

Redmon argues that because trial counsel was convinced of his guilt and wanted to preserve his testimony in defense of Mrs. Barrientos, he was unable, due to a conflict of interests, to properly advise Redmon of other possible defenses or strategic considerations which would have made it more advantageous for Redmon to go to trial. First, the record does not support petitioner's claim that Robertson considered Redmon's testimony essential in the defense of Mrs. Barrientos. Indeed, at one time, Robertson states that he considered not using it. Second, appellate counsel hypothesizes certain other "strategic considerations" such as an illegal search which, because of the alleged conflict, precluded trial counsel from effectively advising Redmon. As previously stated, the standard requires that the conflict be "actual", not hypothetical or potential, and the record in this case simply does not reveal such an actual conflict warranting post-conviction relief. Prior to Redmon's decision to plead guilty, there was merely a "potential" that a conflict of interests could arise; counsel was aware of this potential and discussed such with Redmon. When Redmon voluntarily chose to plead guilty, the potential conflict was extinguished. There is simply no evidence in the record, other than Redmon's claims which are of suspect credibility, that trial counsel was ever faced with a situation in which he was forced to choose between the interests of one client over another. The law requires that an "actual" conflict be shown; to require anything less would require individual representation of every criminal defendant. We decline to take such a step in that direction today.

II

Petitioner also contends that his plea of guilty was based in part on an unkept promise that leniency would be shown to his mother; and, therefore, his plea was involuntary.[2] The testimony of

---

2. Petitioner similarly contends that the District Court failed to determine that his plea was not the result of promises apart from any plea

bargain and therefore violated Fed.R.Crim.P. 11. "So long as the trial judge is convinced by the record before him that a guilty plea is not

Redmon's counsel establishes that no promise of leniency was offered Redmon to induce him to plead guilty. This testimony was found "credible and worthy of belief." Furthermore, the entire plea bargaining agreement, in accordance with Rule 11, was recited to the court by government's counsel, and it was explained to Redmon by the court, as well as his counsel. At no time during the arraignment was there an indication that promises other than those described within the plea bargaining agreement were made. While Redmon initially equivocated somewhat in his plea of guilty, the court's further inquiry reveals that his plea of guilty was voluntarily made.

### III

■ The final issue requiring resolution in this appeal concerns whether the failure of petitioner's trial counsel to perfect an appeal from Redmon's plea of guilty constituted ineffective assistance of counsel.[3] This issue appears to be one of first impression in this circuit. We have previously, however, addressed a similar question arising from the failure of trial counsel to perfect an appeal from a jury conviction after the trial proceeding. These cases establish that the failure of counsel to timely file an appeal upon request of the defendant or to mislead the defendant or court as to the filing of appeal would constitute ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal. *See, e.g., Mack v. Smith,* 659 F.2d 23 (5th Cir. 1981); *Chapman v. United States,* 469 F.2d 634 (5th Cir. 1972); *Arrastia v. United States,* 455 F.2d 736 (5th Cir. 1972); *Kent v. United States,* 423 F.2d 1050, 1051 (5th Cir. 1970); *Atilus v. United States,* 406 F.2d 694 (5th Cir. 1969); *Schwander v. United States,* 386 F.2d 20 (5th Cir. 1967); *Brewen v. United States,* 375 F.2d 285 (5th Cir. 1967); *Bray v. United States,* 370 F.2d 44 (5th Cir. 1966); *Camp v. United States,* 352 F.2d 800 (5th Cir. 1965); *cf. Torna v. Wainwright,* 649 F.2d 290 (5th Cir. 1981); *Perez v. Wainwright,* 640 F.2d 596 (5th Cir. 1981) (failure of counsel to perfect appeal after promise to do so entitled defendant to out-of-time state appeal under 28 U.S.C. § 2254).

■ The basic principles upon which our rule entitling a defendant to an out-of-time appeal is founded are (1) that every person has an absolute right to an appeal from a trial court conviction, *Atilus v. United States, supra* at 697, and (2) that a criminal defendant's right to counsel extends through the period for taking an appeal. *Bray v. United States, supra* at 46. The failure of trial counsel to perfect an appeal denies a defendant the absolute right to appeal his jury conviction and, therefore, deprives him of his right to effective assistance of counsel.

■ The considerations, however, underlying an acceptance of a guilty plea are quite different from the considerations underlying a defendant's decision to take a direct appeal from a judgment of conviction. *Arrastia v. United States, supra* at 738–39. A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant. *United States v. Jackson,* 659 F.2d 73, (5th Cir. 1981); *United States v. Saldana,* 505 F.2d 628 (5th Cir. 1974). Absent a jurisdictional defect, a defendant usually has no right to appeal from a plea of guilty. We note that following a plea of guilty, a defendant may in some circumstances question the proprie-

---

coerced, a further showing that the plea is knowingly entered and there exists sufficient evidence of guilt will satisfy requirements of Rule 11." *United States v. Martinez,* 486 F.2d 15, 21 (5th Cir. 1973). While the district judge may not have expressly inquired into the existence of other promises, her inquiry was adequately detailed and revealed the voluntariness of the plea. See Record on Appeal, Volume 3, 13–16.

**3.** This issue was argued in petitioner's application for relief but denied by the district court. When such issue was not pursued on appeal, this court raised it, *sua sponte,* and requested supplemental briefs addressing this argument in light of our prior decisions in *Torna v. Wainwright,* 649 F.2d 290 (5th Cir. 1981) and *Perez v. Wainwright,* 640 F.2d 596 (5th Cir. 1981).

ty of a Rule 11 proceeding. Other complaints, however, not based on a jurisdictional or Rule 11 ground, should be considered in a motion to vacate under § 2255. Redmon's allegations to the effect that his guilty plea was induced by promises apart from the plea bargain were fully considered in his § 2255 motion and thus negate any claim of ineffective assistance of counsel for failure to appeal in this case. Redmon has received a full hearing before a U. S. Magistrate; his record has been reviewed by the district court and this court, and we find no grounds upon which relief could or should be granted.

AFFIRMED.