**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-50069**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DEE ANN WEST,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**

January 26, 2001

Before BARKSDALE and BENAVIDES, Circuit Judges, and VELA,[1] District Judge.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For this out-of-time direct criminal appeal granted Dee Ann West, pursuant to her § 2255 motion, primarily at issue is whether her notice of appeal is premature because, *after* granting the appeal, the district court did *not* re-enter the underlying judgment for her conviction and sentence. If it is premature, we have *no* jurisdiction concerning the two issues for which the appeal was granted: whether West was denied due process of law and effective

_____

[1]District Judge of the Southern District of Texas, sitting by designation.

assistance of counsel by the district court's denial of additional funding for experts (expert-funding); and whether the district court erred in denying her motion for a continuance.

In this appeal, West raises not only those two issues, but also one other presented in her § 2255 motion: whether the district court erred in denying severance. But, because the grant of the out-of-time appeal did *not* extend to the severance issue, and because West did *not* appeal the denial of § 2255 relief on that point, the severance issue has been waived. And, because West's notice of appeal is premature, our deciding the two issues permitted for the out-of-time appeal (expert-funding and continuance) is held in abeyance, pending re-entry of her underlying criminal judgment. We **DISMISS in PART; VACATE in PART; and REMAND in PART.**

## I.

In December 1995, West and co-defendant O'Callaghan were convicted for several drug-trafficking offenses. The judgment for the conviction and sentence (the criminal judgment) was entered 26 February 1996. Separate counsel represented West and O'Callaghan at trial and on appeal. Their criminal judgments were affirmed on direct appeal. *United States v. O'Callaghan*, 106 F.3d 1221, 1223 (5th Cir. 1997) (sufficient evidence to sustain conviction and *no* error in sentencing West).

2

Pursuant to 28 U.S.C. § 2255, West moved to vacate, set aside, or correct her criminal judgment, asserting, *inter alia*, that, *on appeal*, she received ineffective assistance of counsel. West maintained *appellate counsel* was ineffective in failing to raise the district court's denials of expert-funding, a continuance, and a severance. Along this line, and concerning her trial, she asserted: she was denied due process because the district court effectively denied her an expert and a continuance; she was denied effective assistance of counsel and due process because counsel failed to timely move for a severance; and she was denied Fifth Amendment due process by her joint trial with O'Callaghan.[2]

Although West's counsel filed an appellate brief, it was merely a copy of that filed for O'Callaghan. The district court found West's appellate counsel ineffective for failing to perfect her appeal on the expert-funding and continuance issues. As a result, it granted West an out-of-time appeal *specifically limited to those two grounds*. In this regard, the district court stated: "Because [it found] that appellate counsel's performance on appeal of [West's] case denied [West] the right to effective assistance of

---

[2]West's trial counsel did *not* move for a severance; but she apparently challenges appellate counsel's failure to object to the *trial court's denial of O'Callaghan's motion for severance*. O'Callaghan's counsel had declared O'Callaghan would face spillover prejudice from the admission of a gun as evidence against West. O'Callaghan raised the severance issue on direct appeal; our court found *no* abuse of discretion. ***O'Callaghan***, 106 F.3d at 1223.

3

counsel, [it did] *not* reach West's remaining claims for [§ 2255] relief". (Emphasis added.)

Accordingly, the district court granted in part the relief sought by West's § 2255 motion: leave to file an out-of-time appeal was limited to the expert-funding and continuance issues, and did *not* include the severance issue; *and West's request to vacate her conviction and sentence was denied.* (The order stated that the § 2255 motion was "granted"; but, as discussed *infra*, the relief was *not* that provided for under 28 U.S.C. § 2255, which includes *vacating* the criminal judgment.)

The corresponding judgment for the § 2255 motion was entered 9 December 1999. But, the district court did *not* re-enter West's underlying criminal judgment on the criminal docket.

Six weeks later, on 20 January 2000, West filed a notice of appeal *only* from "the judgment of conviction *entered December 22, 1995*, and the sentence *entered February 26, 1996*". (Emphasis added.) (In fact, the verdict was returned 22 December 1995; the criminal judgment was *entered* 26 February 1996.) West did *not* also appeal from the § 2255 judgment itself, particularly the severance issue's *not* being included in the out-of-time appeal granted her.

## II.

### A.

West's notice of appeal was filed 42 days after the § 2255 civil judgment. A timely notice of appeal is, of course, a

4

precondition to the exercise of appellate jurisdiction. *E.g.,* ***United States v. Merrifield***, 764 F.2d 436, 437 (5th Cir. 1985). It goes without saying that, if necessary, we must examine *sua sponte* the basis of our jurisdiction. *E.g.,* ***United States v. Lister***, 53 F.3d 66, 68 (5th Cir. 1995).

Confusion apparently has existed as to: whether the underlying criminal judgment must be reinstated on the criminal docket following the grant of an out-of-time direct criminal appeal, or whether such reinstatement is *de facto*; and whether the time for appeal is 10 days under Federal Rule of Appellate Procedure 4(b)(1)(A) (granting 10 days to file notice of appeal in criminal case) or 60 days under Federal Rule of Appellate Procedure 4(a)(1)(B) (granting 60 days to file notice of appeal in civil case in which United States is party). As discussed *infra*, for an out-of-time direct criminal appeal granted pursuant to a § 2255 judgment: the underlying criminal judgment must be reinstated on the criminal docket; *and* the time for appeal is 10 days.

The time for appeal commences to run the day "*the judgment or order appealed from is entered*". FED. R. APP. P. 4(a)(1)(B) (emphasis added); FED. R. APP. P. 4(b)(1)(A) (emphasis added). The judgment granting an out-of-time direct criminal appeal is simply the mechanism by which a defendant is able to appeal directly from her earlier, underlying criminal judgment. Accordingly, for her out-of-time appeal, West is *not* appealing the civil judgment

5

entered 9 December 1999 on her § 2255 motion, *but rather the earlier, underlying criminal judgment*, *entered 26 February 1996*. (Again, because of the limited nature of her notice of appeal, West appealed *only* the underlying criminal judgment; she did *not* also appeal the § 2255 civil judgment, even though some of the relief requested in her § 2255 motion was denied by that judgment.) Therefore, the 10-day period under Rule 4(b)(1)(A) (appeal in criminal case) applies.

Of course, a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal. Compliance with the Federal Rules of Appellate Procedure is imperative. Rule 4(b)(1)(A) provides: "In a criminal case, a defendant's notice of appeal *must* be filed in the district court within 10 days after ... the entry of either the judgment or the order being appealed...." FED. R. APP. P. 4(b)(1)(A) (emphasis added). "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6).

Because the district court did *not* re-enter the criminal judgment after it granted the out-of-time appeal, West's 20 January 2000 notice of appeal is both late and premature: obviously, it is untimely as measured from the *26 February 1996* criminal judgment; at the same time, it is premature, because the time to appeal,

6

pursuant to the grant of the out-of-time appeal, *has not commenced to run*.

Our court's opinion in **Mack v. Smith**, 659 F.2d 23, 25-26 (5th Cir. Unit A 1981), provides that, when leave to file an out-of-time appeal is granted, the district court should *reinstate* the criminal judgment to trigger the running of a new Rule 4(b) appeal period. In **Mack**, our court held appellant Mack was entitled to a hearing on whether, pursuant to his § 2255 motion, he had been denied a direct appeal because he had received ineffective assistance of counsel. *Id.* at 25. Our court vacated the order denying the § 2255 motion and remanded for a determination whether Mack should be permitted the out-of-time appeal. *Id.* It instructed the district court:

> If Mack proves his [§ 2255] claims to the satisfaction of the district court, *the § 2255 petition is to be dismissed without prejudice.* Mack's *judgment of conviction* is then to be *reinstated* on the docket of the trial court as of the date to be fixed by the trial court *from which the time of the appeal shall run*.

*Id.* at 25-26 (emphasis added).

The Government contends that the instructions given the district court in **Mack** were simply *dicta*; West merely finds the opinion "instructive". However, we consider the instructions binding precedent. *E.g.*, **Burlington N. R.R. Co. v. Bhd. of Maint. of Way Employees**, 961 F.2d 86, 89 (5th Cir. 1992)("one panel may not overrule the decision, right or wrong, of a prior panel in the

7

absence of en banc reconsideration or superseding decision of the Supreme Court" (internal quotation marks and citation omitted)), *cert. denied*, 506 U.S. 1071 (1993). We emphasize that, even though the procedural posture of **Mack** differed from the case at hand, the judgment-reinstatement procedure set out in **Mack** applies in our circuit to all out-of-time direct criminal appeals. We are *not* creating a new rule, but rather clarifying an old one.

Since the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal. *See, e.g.,* **Barrientos v. United States**, 668 F.2d 838, 842 (5th Cir. 1982) ("[F]ailure of counsel to timely file an appeal upon request of the defendant ... would constitute ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal."); **Arrastia v. United States**, 455 F.2d 736, 740 (1972) (same); **Camp v. United States**, 352 F.2d 800, 801 (5th Cir. 1965) ("appellant will be entitled to his out of time appeal if, and only if, he is able to show that his employed counsel failed through fraud or deceit to appeal"). As early as 1969, our court articulated words echoed 12 years later in **Mack**: "The case is remanded to the trial court, *there to be reinstated on the docket* as of the date to be fixed by the trial court from which the time of appeal shall commence to

8

run." ***Atilus v. United States***, 406 F.2d 694, 698 (5th Cir. 1969) (emphasis added).

We point out the distinction between the *statutory remedy* in § 2255 and the *judicial remedy* available in this circuit. Section 2255 provides in part:

> If the court finds ... a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court *shall* vacate and set the judgment aside and *shall* discharge the prisoner or resentence him or grant a new trial or correct the sentence as it may appear appropriate.

28 U.S.C. § 2255 (emphasis added). In other words, granting § 2255 relief entails vacating and setting aside the judgment and then choosing one of the proposed remedies. Under the judicial remedy crafted in our circuit's precedent, the same result can be reached by granting an out-of-time appeal and re-entering the criminal judgment as by vacating the judgment and resentencing; by both, a new judgment is entered on the docket from which the defendant can appeal. However, in choosing the judicial remedy, the court must deny the statutory remedy, for it is inconsistent to "grant" § 2255 relief in name, yet deny it in substance by refusing to apply a remedy it provides, as did the district court.

Along this line, this may be why, because it was applying a judicial — instead of the statutory — remedy, **Mack** also directed that the § 2255 motion be dismissed without prejudice *if,* on remand, Mack was granted relief and the criminal judgment therefore

9

reinstated. Notwithstanding its instructions about dismissing the § 2255 motion, it rejected the Government's contention "that § 2255 *cannot* be used to grant an out-of-time appeal". 659 F.2d at 26 n.3 (emphasis added). **Barrientos** is the only post-**Mack** published decision which discusses granting an out-of-time direct criminal appeal pursuant to a § 2255 motion. 668 F.2d at 842-43. However, the denial of such relief was affirmed in **Barrientos**, and **Mack** was only cited, *not* discussed. **Barrientos** does *not* mention a § 2255 motion's being dismissed without prejudice if such an appeal is granted.

**Barrientos** was rendered almost 20 years ago. In the interim, our court has granted out-of-time direct criminal appeals pursuant to § 2255 motions. We note, for example, that in **United States v. Perez-Rodriguez**, No. 00-50004 (5th Cir. 2 Feb. 2000) (unpublished), the district court had granted an out-of-time direct criminal appeal pursuant to § 2255, but, as in this case, had *not* re-entered the underlying criminal judgment; our court remanded for such re-entry, but did *not* direct that the § 2255 motion be dismissed without prejudice. As discussed *supra*, granting an out-of-time appeal is *not* one of the options presented in § 2255 (although so doing is *not* prohibited by § 2255). Therefore we clarify that, to maintain uniformity with **Mack** and with the statutory language, part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice, or, as in this

10

instance, so dismissing those parts of the motion for which the

out-of-time appeal is granted.[3]

---

[3]Several circuits follow the statutory procedure set out in § 2255, although others, like our circuit, utilize alternative judicial remedies that achieve the same result. *See* **State of Wisconsin v. Knight**, 168 Wis. 2d 509, 515-19, 484 N.W.2d 540, 542-44 (1992) (contrasting approaches of circuits). Although most of the opinions consider failure to perfect an appeal or failure to prosecute and therefore are *not* factually or procedurally on all fours with the case at hand, they all deal with § 2255 relief for *ineffective assistance of appellate counsel.*

Several circuits follow the remedy set out in § 2255, ultimately reaching the same outcome as our court's *judicial remedy* of reinstatement of the criminal judgment. *See, e.g.*, **United States v. Phillips**, 225 F.3d 1198, 1200-01 (11th Cir. 2000) (dismissing appeal as untimely because district court failed to follow procedure of granting motion, vacating criminal judgment, and imposing same sentence); **United States v. Peak**, 992 F.2d 39, 40, 42 (4th Cir. 1993) (remanding with instructions to vacate criminal judgment and enter new judgment from which defendant could take direct appeal); **Page v. United States**, 884 F.2d 300, 302 (7th Cir. 1989) ("Ineffective assistance may justify vacating and reentering the judgment of conviction, allowing a fresh appeal."); **Hollis v. United States**, 687 F.2d 257, 259 (8th Cir. 1982) (court's procedure is to vacate sentence and to remand case to trial court for resentencing); **Rosinski v. United States**, 459 F.2d 59, 59 (6th Cir. 1972) (remanding with instructions to grant motion, vacate sentence, and resentence on original conviction). As the Eleventh Circuit recently explained:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from the re-imposed sentence is ten

days, which is dictated by Rule 4(b)(1)(A)(i).

*Phillips*, 225 F.3d at 1201.

In contrast, once the district court has denied § 2255 relief, the Second Circuit, instead of remanding to the district court, recalls its own mandate dismissing the prior direct appeal:

> In these circumstances [in which counsel filed timely notice of appeal but failed to perfect the appeal], we need not remand for sentencing or even for entry of a new judgment, the remedies other courts have used to redress the failure of appellate counsel to file a timely notice of appeal.... Instead, we have jurisdiction to recall our mandate dismissing McHale's direct appeal for failure to prosecute and to reinstate that appeal.

*McHale v. United States*, 175 F.3d 115, 119-20 (2d Cir. 1999) (citations and footnote omitted).

Other appellate courts have found that, once an appellate court has rejected a direct appeal, the criminal defendant's *exclusive* remedy is to request the court of appeals recall its mandate on the ground of counsel's inadequacy. The Tenth Circuit concluded:

> 28 U.S.C. § 2255 is *not* the proper vehicle for the reinstatement of an appeal which has been dismissed by this court for failure to prosecute. We agree with the position of the Ninth Circuit that, "if an appeal is improvidently dismissed in this court, the remedy is by way of a motion directed to this court asking for a recall of the mandate or certified judgment so that this court may determine whether the appeal should be reinstated."

*United States v. Winterhalder*, 724 F.2d 109, 111 (10th Cir. 1983) (emphasis added) (citing *Williams v. United States*, 307 F.2d 366, 368 (9th Cir. 1962), *overruled on other grounds*, *Kaufman v. United States*, 394 U.S. 217 (1969))); *but see United States v. Pearce*, 992 F.2d 1021, 1023 (9th Cir. 1993) (adopting approach of Seventh Circuit in case in which appeal had *not* been dismissed by appellate

12

As discussed, an out-of-time direct criminal appeal, if granted pursuant to a § 2255 motion, starts the time for appeal to run anew as of the date the underlying criminal judgment is reinstated/re-entered. *See* **Barrientos**, 668 F.2d at 842; **Mack**, 659 F.2d at 25-26. As also discussed, because the district court did *not* re-enter West's criminal judgment after it granted her an out-of-time appeal, her notice of appeal is both late and premature.

"A notice of appeal filed *after* the court announces a decision, sentence, or order — *but before* the entry of the judgment or order — *is treated as filed on the date of and after the entry*." FED. R. APP. P. 4(b)(2) (emphasis added). West's notice of appeal, filed 20 January 2000, was filed after the 9 December 1999 § 2255 civil judgment, but the district court still has *not* re-entered the criminal judgment on its criminal docket to allow the time for appeal to run anew. Following the guidance of Rule 4(b)(2), we hold West's appeal in abeyance and remand the case to the district court for re-entry of her criminal judgment, as outlined in part III. Upon such re-entry, as of which date her earlier notice of appeal is considered filed, this case is to be returned for consideration of the two issues for which the out-of-time appeal was granted.

---

court (citing **Page**)); **Page**, 884 F.2d at 302 (rejecting approach of Ninth and Tenth Circuits because § 2255 specifically authorizes collateral attack in court that imposed sentence as long as issue *not* previously presented on appeal).

13

B.

One of the issues West raises on appeal is the denial of a severance; but, the grant of an out-of-time appeal expressly excluded all issues except the denial of additional expert-funding and a continuance. Therefore, the severance issue was *not* permitted for West's out-of-time appeal.

In addition, West's notice of appeal did *not* designate the § 2255 judgment denying this aspect of West's § 2255 motion. *See* Fᴇᴅ. R. Aᴘᴘ. P. 3(c)(1)(B) (notice of appeal "*must* ... designate the judgment ... being appealed" (emphasis added)). Accordingly, we *cannot* reach whether the district court's limitation of the out-of-time appeal was appropriate. Moreover, because the 60 days for appealing the 9 December 1999 § 2255 civil judgment have expired, *see* Fᴇᴅ. R. Aᴘᴘ. P. 4(a)(1)(B), West *cannot* raise the severance issue upon remand. She waived the claim by failure to timely appeal. In short, our mandate affirming the criminal judgment still remains in effect regarding all issues on which the district court did *not* find ineffective assistance of counsel.

III.

The requested § 2255 relief was granted in part and denied in part by the district court. We have *no* jurisdiction over the portion denied (including the severance issue), because West failed to appeal that denial. Therefore, West's appeal as to the severance issue is **DISMISSED**.

14

However, regarding the relief granted in the form of an out-of-time appeal for the expert-funding and continuance issues, we **VACATE** that part of the judgment of the district court, and **REMAND** with instructions to dismiss *without prejudice* that part of the § 2255 motion for which the out-of-time appeal was granted, to grant an out-of-time appeal, and to reinstate the criminal judgment on the docket.

Accordingly, this premature appeal is held in abeyance pending reinstatement of the criminal judgment by the district court. Thereafter, the district court shall return this matter to this court for further proceedings.

*DISMISSED in PART; VACATED in PART; and REMANDED in PART*

15