IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 00-31489
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES RAY JOUBERT, also known as Pop

Defendant-Appellant.

————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-60030-7

————————————————————————

August 16, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Ray Joubert appeals the sentence he received after his guilty plea to

conspiracy to possession with intent to distribute cocaine base. He presents as his

first issue whether his sentence should be vacated under <u>Apprendi v. New Jersey</u>[1]

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]528 U.S. 1018 (2000).

because it was higher than the statutory maximum for the amount of drugs to which he pleaded guilty. Both parties correctly submit, however, that the case should be remanded because Joubert's notice of appeal was both premature and untimely.

A timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction.[2] In a criminal case, the defendant must file his notice of appeal within 10 days after the entry of the challenged judgment or order.[3] Joubert did not file a notice of appeal within ten days of the entry of judgment, which entry occurred on February 4, 2000.

On March 24, 2000, Joubert moved for an out-of-time appeal, based on counsel's ineffectiveness in perfecting an appeal. The court granted the motion on March 27, 2000, more than 40 days after entry of its judgment. The court then was without jurisdiction to grant an out-of-time appeal.[4]

We will construe the district court's grant of an out-of-time appeal as the grant of a motion under 28 U.S.C. § 2255 based on counsel's failure to file a timely notice of appeal.[5] The district court implicitly found that Joubert was denied effective assistance of counsel on appeal. The court more appropriately should have dismissed Joubert's § 2255 motion without prejudice and re-entered its sentencing judgment.[6] The 10-day period prescribed by Fed. R. App. P. 4(b)(1)(A) would then

---

[2]United States v. Merrifield, 764 F.2d 436 (5th Cir. 1985).

[3]Fed. R. App. P. 4(b)(1)(A).

[4]Fed. R. Crim. P. 4(b)(4); see United States v. West, 240 F.3d 456 (5th Cir. 2001).

[5]West, 240 F.3d at 459-60.

[6]Id. at 459-61.

have run anew as of the date of the re-entered judgment.[7]     The district court's grant of § 2255 relief as to Joubert's ineffective assistance of counsel claim is VACATED, and the case is REMANDED to permit the court an opportunity to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment. Joubert's appeal is deferred pending this action.  Under Rule 4(b)(2), upon reentry of the judgment, Joubert's notice of appeal will be considered timely filed, and the case is to be returned to this court for appropriate disposition.

---

[7]Id. at 461 (citing Barrientos v. United States, 668 F.2d 838 (5th Cir. 1982); Mack, 659 F.2d at 25-26).