United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40706 c/w
03-40707
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO DAMIAN MARTINEZ-CARRILLO,
also known as Pedro Martinez-Carrillo,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. L-99-4411
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Damian Martinez-Carrillo (Martinez), represented by the Federal Public Defender (FPD), seeks to appeal two judgments revoking probation imposed following two prior guilty-plea convictions for illegally entering the United States. The FPD did not file a timely notice of appeal, nor seek a timely extension of the time for filing a notice of appeal. See FED. R. APP. P. 4(b)(1) & (4). Instead, five months after the revocation, the FPD filed a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for the "judicial remedy" of an out-of-time appeal. The district court granted the motion.

"[A] district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal. Compliance with the Federal Rules of Appellate Procedure is imperative." United States v. West, 240 F.3d 456, 459 (5th Cir. 2001). West did not create a new remedy, but addressed only the proper procedures for granting an out-of-time appeal pursuant to 28 U.S.C. § 2255. Id. at 459-61 ("Since the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal.") (citations omitted).

We VACATE the district court's order granting the "judicial remedy" of an out-of-time appeal, and we REMAND the case. The district court should determine, in light of Castro v. United States, __ U.S. __, 124 S. Ct. 786, 792 (2003), whether it will construe the motion for "judicial remedy" as a 28 U.S.C. § 2255 motion and, if so, whether Martinez received ineffective assistance of appellate counsel. If the district court construes the motion as a § 2255 motion and finds ineffective assistance, then the constructive § 2255 motion should be dismissed without prejudice and the judgment reentered. The district court may accept any pleadings or conduct any hearings necessary for compliance with this order.

ORDER VACATED; CASE REMANDED.