United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**04-10454
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GUADALUPE GONZALEZ, JR.,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Northern District of Texas
7:02-CR-12-1**

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Guadalupe Gonzalez, Jr., seeks to appeal his sentence for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and carrying and possessing a firearm in relation to a drug trafficking crime. Gonzalez neither filed a timely notice of appeal, nor sought a timely extension of time for filing one. *See* FED. R. APP. P. 4(b)(1) & (4). Instead, over seven months after the district court imposed sentence, Gonzalez filed a *pro se* motion for an out-of-time appeal, claiming that, contrary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his request, his attorney had not filed a notice of appeal. The district court granted the motion but did not re-enter the original judgment. Gonzalez then filed a notice of appeal with our court. Because the judgment was not re-entered, the Government filed an unopposed motion to remand and hold the appeal in abeyance. That motion was granted. The district court then re-entered the judgment, and this appeal proceeded.

"[A] district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal. Compliance with the Federal Rules of Appellate Procedure is imperative." ***United States v. West***, 240 F.3d 456, 459 (5th Cir. 2001) (emphasis in original). ***West*** addresses the proper procedures for granting an out-of-time appeal pursuant to 28 U.S.C. § 2255. *See **id.** at 459-61.

We therefore **VACATE** the district court's order granting the out-of-time appeal, and **REMAND** the case. On remand, the district court should determine, in the light of ***West***, and with regard to the advice requirements of ***Castro v. United States***, 540 U.S. 375, 383 (2003), whether it will construe the motion for an out-of-time appeal as a 28 U.S.C. § 2255 motion.

Should the district court construe Gonzalez's motion for an out-of-time appeal as a 28 U.S.C. § 2255 motion, the district court should provide the "second or successive" warnings mandated by ***Castro***. *See **Castro***, 540 U.S. at 383. The district court should

also instruct Gonzalez to include all 28 U.S.C. § 2255 claims presently available to him in his current motion to vacate, set aside, or correct the sentence.  *See* **United States v. Orozco-Ramirez**, 211 F.3d 862, 867-70 (5th Cir. 2000).

*VACATED and REMANDED*