# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-31108
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENDELL THORNTON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-30-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kendell Thornton, federal prisoner # 28289-034, appeals the district court's denial of his motion for leave to file an out of time appeal of his convictions for being a felon in possession of a firearm, possession with intent to distribute over 50 grams of cocaine base, and possession with intent to distribute less than 500 grams of cocaine hydrochloride.

This court has held that, since FED. R. APP. P. 4(b)(1)(A)'s 10-day time limit to file a notice of appeal is not statutorily imposed, it is "not jurisdictional and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[can] be waived." United States v. Martinez, 496 F.3d 387, 388-89 (5th Cir.), cert. denied, 128 S. Ct. 728 (2007). The amended judgment of conviction was entered on February 25, 2004. Thornton did not file this motion for leave to file an out of time appeal until March 29, 2006, over two years later. Because the Government filed a response, arguing that Thornton's motion was untimely and did not comply with the requirements of Rule 4(b)(4) regarding an extension of time for filing a notice of appeal, the Government did not waive the issue. See Id. at 388-89. Therefore, the district court did not err in denying Thornton's motion. See Id.

Thornton argues that the district court should have granted his motion based on the unique circumstances of his case, that his attorney misled Thornton into believing that he had filed a notice of appeal. At Thornton's rearraignment, the district court advised him that pursuant to his plea agreement, he waived the right to appeal, but reserved the right to appeal a sentence in excess of the statutory maximum sentence and an upward departure; Thornton stated that he understood. Thornton has not shown that the district court made an affirmative representation or specific assurances that misled him and caused his notice of appeal to be filed late. See Osterneck v. Ernest & Winney, 489 U.S. 169, 179 (1989). Thornton's reliance on United States v. West, 240 F.3d 456, 459 (5th Cir. 2001), is misplaced. Although West involved the similar issue whether a movant was entitled to an out of time appeal due to her counsel's failure to perfect an appeal, it was a 28 U.S.C. § 2255 proceeding, not a criminal proceeding, such as this case, in which a court allowed the filing of an out of time appeal based on the "unique circumstances" exception. See West, 240 F.3d at 459-62. Therefore, Thornton has not shown that his motion should have been granted based on the unique circumstances of his case. See Osterneck, 489 U.S. at 179.

Thornton argues that the district court erred in sua sponte finding that, if the motion were construed as a 28 U.S.C. § 2255 motion, it would be time-

barred.  He argues that the district court should have given him notice and an opportunity to show that his § 2255 motion should not be time-barred because he was entitled to equitable tolling due to his attorney's actions.  Because the district court did not recharacterize Thornton's motion as a § 2255 motion, we need not consider whether such a § 2255 motion would have been time-barred or whether Thornton would have been entitled to equitable tolling.

AFFIRMED.