**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-40751
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE GONZALEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-802-1

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Guadalupe Gonzalez, Jr. pleaded guilty to possession with intent to distribute a quantity in excess of 50 kilograms of marijuana. The district court determined that Gonzalez was a career offender based upon his prior Texas conviction for aggravated assault and his Michigan conviction for possession with intent to deliver 5 to 45 kilograms of marijuana. Based on this finding, the district court enhanced Gonzalez's sentence pursuant to U.S.S.G. § 4B1.1(a) and sentenced him to 151 months of imprisonment. Gonzalez sought relief pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 28 U.S.C. § 2255 and was granted an out-of-time appeal in accordance with *United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001). Gonzalez thereafter filed a timely notice of appeal following reentry of the judgment of conviction.

Gonzalez acknowledges the existence of his Michigan drug conviction under Public Health Code § 333.7401. He argues, however, that the Michigan statute is broader than the definition of a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b) because the Michigan statute punishes those who "create" a controlled substance offense, as well as those who manufacture or deliver or possess with intent to manufacture or deliver a controlled substance. *See* Mich. Comp. Laws Ann. § 333.7401. Section 4B1.2(b) does not include the term "create" in its definition of "controlled substance offense." Gonzalez thus argues that the Michigan statute on its face does not constitute a controlled substance offense within the meaning of Section 4B1.2(b). Gonzalez further argues that the documents submitted at sentencing failed to show that his prior conviction qualified as a controlled substance offense. He thus contends that the district court erred in applying the career offender enhancement to his sentence.

As Gonzalez acknowledges, he failed to raise the argument he now raises on appeal before the district court. As such, review is for plain error. *United States v. Campos-Maldonado*, 531 F.3d 337, 339-40 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Generally, when classifying a conviction for sentencing enhancement purposes, this court employs the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990), and looks to the elements of the prior offense, rather than to the facts underlying the conviction. *See United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). However, when a defendant has

violated a statute that contains multiple disjunctive sections that prohibit conduct that will support a sentence enhancement and other conduct that will not support an enhancement, courts may look to "certain conclusive records made or used in adjudicating guilt" to determine which section applies to the defendant's conviction. *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005) (internal quotation marks and citation omitted). "This court has held that the determination of whether a "drug trafficking offense" was committed falls into the narrow range of cases where the court may consider information other than the statutory definition of the offense." *Garza-Lopez*, 410 F.3d at 273. A case involving the determination of whether a "controlled substance offense" occurred is treated in the same manner, since the Guidelines' definition for "drug trafficking offense" is almost identical to the definition of "controlled substance offense." *See United States v. Ford*, 509 F.3d 714, 718 n.2 (5th Cir.2007).

State court documents filed in the record by the district court as part of the Section 2255 proceeding reflect that Gonzalez was charged and convicted of conduct that falls within the definition of a controlled substance offense as that term is defined in Section 4B1.2(b) of the Guidelines. According to the felony information, Gonzalez "did possess with the intent to deliver 5 kilograms or more, but less than 45 kilograms of marijuana or a mixture containing marijuana; contrary to MCL 333.7401(2)(d)(ii)." According to the judgment of conviction, Gonzalez pleaded guilty to "CONT SUBS-DELY/MFG 5-45 KG MJ" a violation of MCL § 333.7401(2)(d)(ii). The language of both the felony information and the judgment reflect that Gonzalez's conviction involved "the manufactur[ing]" and "distribution . . . of a controlled substance" and not the "creat[ing]" of a controlled substance. *See* U.S.S.G. § 4B1.2(b). Because the conduct described in Gonzalez's state felony information and judgment of conviction is equivalent to the offense of possession of a controlled substance with intent to deliver, the district court did not plainly err in finding that Gonzalez's Michigan conviction qualified as a controlled substance offense and

enhancing his offense level under Section 4B1.1(a). *See Ford*, 509 F.3d at 717.

Accordingly, the judgment of the district court is AFFIRMED.