# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

No. 09-40591
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALEJANDRO GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-496

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Luis Alejandro Garza, federal prisoner # 92434-079, convicted of four counts of violating federal drug laws, was sentenced to four concurrent 324-month terms of imprisonment. He filed a 28 U.S.C. § 2255 motion, requesting permission to file an out-of-time appeal and based on claimed ineffective assistance of counsel for failing to prosecute an appeal. The district court granted relief, and our court subsequently affirmed the convictions and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences. *United States v. Garza*, 275 F. App'x 377 (5th Cir.), *cert. denied*, 129 S. Ct. 423 (2008).

Garza filed a second § 2255 motion, challenging claimed errors during his trial. The district court dismissed the motion for lack of jurisdiction, concluding: the motion was successive; and, Garza had failed to obtain authorization from our court to file it. In the light of a circuit split on the question, the district court granted Garza a certificate of appealability for whether a subsequent § 2255 motion is barred as a successive motion under § 2255(h) when it raises issues that could have been raised in the initial § 2255 motion.

Review of a district court's dismissal of a § 2255 motion as an unauthorized successive motion is *de novo*. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 865 (5th Cir. 2000). Garza's contention that the district court erred in dismissing his second § 2255 motion as an unauthorized successive motion is foreclosed by our decision in *Orozco-Ramirez*. *See id*. at 869-71. Because Garza's claims regarding his trial were available to him when he filed his initial § 2255 motion, they are successive. *See id*. His reliance on *United States v. West*, 240 F.3d 456 (5th Cir. 2001), is misplaced: *West* clarified the procedure to be followed by a district court in granting an out-of-time appeal, *id*. at 458-59; it did *not* address whether a subsequent § 2255 motion is successive within the meaning of 28 U.S.C § 2244.

AFFIRMED.

No. [Case Number]

EMILIO M. GARZA, Circuit Judge, specially concurring:

I concur in the per curiam opinion in its entirety, since our circuit authority, based on *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000), requires us to find Garza's second § 2255 petition to be an unauthorized successive motion.

However, the better view is expressed by the majority of circuits: a § 2255 petition is not considered to be successive if a prior § 2255 petition requests only to reinstate the petitioner's right to appeal and does not attack the judgment on the merits. *See, e.g.*, *Johnson v. United States*; 362 F.3d 636, 638 (9th Cir. 2004); *In re Olabode*, 325 F.3d 166, 172–73 (3d Cir. 2003); *Vasquez v. Parrott*, 318 F.3d 387, 392 n.1 (2d Cir. 2003); *McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999); *Shepeck v. United States*; 150 F.3d 800, 800–01 (7th Cir. 1998); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997).

Accordingly, I would encourage the en banc court to reconsider this issue and align our precedent with that of our sister circuits.