**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 10-50880
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR JAVIER FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-203-6

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Cesar Javier Flores was convicted on October 12, 2007 of various drug charges. He did not immediately appeal. Thereafter, Flores filed a motion complaining that his trial attorney had rendered ineffective assistance in failing to perfect an appeal. After the motion was denied, this court held that the district court erred in failing to construe it as a 28 U.S.C. § 2255 motion. *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010). This court remanded the case for further proceedings on Flores's ineffective-assistance-of-counsel claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Id.* On remand, the district court determined that Flores was entitled to an out-of-time appeal. The district court granted the § 2255 motion and ordered, "Movant may proceed with his appeal in the underlying criminal case." Thereafter, Flores gave notice of his appeal from the judgment of conviction.

This court must examine the basis of its own jurisdiction sua sponte if necessary. *United States v. West*, 240 F.3d 456, 458 (5th Cir. 2001). A notice of appeal by the defendant in a criminal case must usually be filed within 14 days of the entry of criminal judgment. FED. R. APP. P. 4(b)(1)(A)(i). "[F]or an out-of-time direct criminal appeal granted pursuant to a § 2255 judgment: the underlying criminal judgment must be reinstated on the criminal docket." *West*, 240 F.3d at 458. If the judgment is not reentered, a notice of appeal filed after a simple grant of an out-of-time appeal "is both late and premature." *Id.* at 459. It is late from the original entry of the criminal judgment and "premature, because the time to appeal, pursuant to the grant of the out-of-time appeal, has not commenced to run." *Id.* Because the record in the instant case reflects that the district court failed to reenter the criminal judgment, Flores's notice of appeal is late because it was filed nearly three years after the criminal judgment was entered.[1] *See id.* Under *West*, the § 2255 motion should have been dismissed without prejudice. *West*, 240 F.3d at 459-60 (discussing *Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. Unit A 1981)).

The district court's order granting the § 2255 motion is VACATED, and the case is REMANDED with instructions to dismiss the § 2255 motion, to grant an out-of-time appeal, and to reenter the criminal judgment on the docket. *See id.* at 461-62. Once the judgment is reentered, Flores's notice of appeal will be treated as if it was filed on the date of or after reentry. *See id.* (applying FED.

---

[1] Although Flores's notice of appeal is late, this Court has held that the deadlines for filing notices of appeal in criminal cases are "not jurisdictional and [can] be waived." *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). The Government has not made an appearance in this appeal, however, and it opposed the § 2255 motion on remand. Therefore, it is unclear whether the Government would waive the untimeliness of the notice of appeal.

No. 10-50880

R. APP. P. 4(b)(2)).  Therefore, we hold the appeal in abeyance, and instruct the district court to return the case to this court for further proceedings after the judgment is reentered.  *See id*. at 462.