# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2018

Lyle W. Cayce
Clerk

No. 17-60435
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELA SHOEMAKE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CR-123-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Angela Shoemake pleaded guilty to sexual exploitation of children by production of sexually explicit visual or printed material and transportation or shipping of child pornography in and affecting interstate commerce, and was sentenced within the advisory guidelines range to a total term of 600 months of imprisonment and a five-year term of supervised release. She argues on appeal that the district court erred by denying her Federal Rule of Civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60435

Procedure 60(b) motion, made during her 28 U.S.C. § 2255 proceeding, because her prior counsel's ineffective assistance at sentencing had been egregious, and by failing to reopen her criminal sentencing.

We do not have jurisdiction over the district court's denial of Shoemake's Rule 60(b) motion, because Shoemake did not file a notice of appeal from the district court's dismissal of her § 2255 motion and denial of her Rule 60(b) motion; rather, she appealed only the reentered criminal judgment. *See United States v. West*, 240 F.3d 456, 462 (5th Cir. 2001). To the extent Shoemake's argument could instead be read as a challenge to the procedural or substantive reasonableness of her sentence based on the alleged ineffective assistance of counsel, pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court, *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51. If there is no error or the error is harmless, we may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.*; *see also Delgado-Martinez*, 564 F.3d at 751-53.

Notwithstanding the above, plain error review applies where, as here, the defendant fails to object in the district court. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error but should do so "only if the error seriously affects the fairness, integrity or public

reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citations omitted).

Although Shoemake explicitly states that she is not raising a claim of ineffective assistance of counsel on direct review, her entire analysis focuses on counsel's alleged ineffectiveness rather than on the merits of any actual sentencing objections. We generally do not review claims of ineffective assistance of counsel on direct appeal when those claims have not been presented and sufficiently developed before the district court, *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998); *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991), and we decline to do so here.

Other than her ineffective assistance of counsel challenge, Shoemake provides no meaningful or substantive argument that her sentence was procedurally unreasonable due to a guidelines miscalculation or that her within-guidelines sentence was substantively unreasonable on plain error review. She cites nothing more than potential objections which counsel could have, but did not, raise, and fails to discuss whether such objections would have been meritorious. Accordingly, Shoemake has abandoned any such argument. *See United States v. Scroggins*, 599 F.3d 433, 447-48 (5th Cir. 2010).

DISMISSED IN PART; AFFIRMED IN PART.