# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2022

Lyle W. Cayce
Clerk

No. 19-10916
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EMANUEL JAMES HARRISON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1653

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Emanuel James Harrison, former federal inmate # 43925-177, appeals the denial of his 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of counsel that affected the voluntariness of his guilty plea. Harrison was sentenced to an 84-month term of imprisonment followed by a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

three-year term of supervised release. *See United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015). We granted Harrison a certificate of appealability to appeal the questions (1) whether the district court correctly determined that his claim could be denied because the evidence did not show that his trial counsel and codefendant established an attorney-client relationship as a matter of state law, and (2) whether the district court correctly concluded, alternatively, that despite the existence of an actual conflict of interest stemming from multiple representation, Harrison failed to demonstrate that the actual conflict adversely affected his counsel's representation of him.

On appeal, Harrison contends that his trial counsel's actions created an implied attorney-client relationship with his codefendant and that he was adversely affected by this actual conflict of interest during the plea process because his codefendant implicated him in plea papers, which induced Harrison to plead guilty. In an appeal from the denial of a § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). The district court's underlying factual determinations, made after full consideration of the record and an evidentiary hearing, "are entitled to substantial deference, and should be reversed only if they are shown to be clearly erroneous." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). A claim of ineffective assistance of counsel involving a conflict of interest is a mixed question of law and fact, which we review de novo. *Beets v. Collins*, 986 F.2d 1478, 1482 (5th Cir. 1993); *see also Perillo*, 205 F.3d at 781.

When determining the existence of an attorney-client relationship, we generally look to state law. *See Hopper v. Frank*, 16 F.3d 92, 95 (5th Cir. 1994); *see also Walters v. Scott*, 21 F.3d 683, 685 & n.5 (5th Cir. 1994). Under Texas law, the attorney-client relationship can be expressly created by contract or implied from the conduct of the parties. *See Tanox, Inc., v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 254 (Tex. App. 2003); *see also*

*Belliveau v. Barco, Inc.*, 987 F.3d 122, 133 (5th Cir. 2021).  After a review of the record, we conclude that the objective acts of both parties do not support that Harrison's trial counsel and codefendant intended to create an attorney-client relationship under Texas law.  *Kiger v. Balestri*, 376 S.W.3d 287, 291 (Tex. App. 2012).

Harrison argues, however, that an attorney-client relationship is not a prerequisite for a Sixth Amendment claim based on multiple representation. We need not decide this issue because Harrison's claim fails either way.  To establish a multiple-representation claim under the Sixth Amendment, Harrison must show that his trial counsel (1) "was acting under the influence of an actual conflict that (2) adversely affected representation."  *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007); *Cuyler v. Sullivan*, 446 U.S. 335, 348–350 (1980).  "A potential conflict of interest or one which is merely speculative does not by itself make out a constitutional claim." *Barrientos v. United States*, 668 F.2d 838, 841 (5th Cir. 1982).

First, Harrison has not shown that his trial counsel's involvement with his codefendant created an actual conflict of interest.  The conflict allegedly arose when counsel helped Harrison's codefendant sign paperwork for a global plea deal.  But that deal contained favorable terms for Harrison. And counsel wanted Harrison to take it well before his codefendant signed on.  If anything, counsel was acting in Harrison's interest by helping his codefendant accept the Government's supposed all-or-nothing offer.

Second, Harrison cannot show that he was adversely affected by the alleged conflict of interest.  Harrison had the power to reject the global plea deal, whether or not his codefendant did the same.  Had Harrison done so, his counsel testified that he was prepared to proceed to trial on Harrison's behalf.  Harrison argues that he would have been prejudiced nonetheless because his codefendant's plea papers implicated him in the conspiracy.  But

a third codefendant (Harrison's brother) also accepted the deal, and his papers contained similar facts. Moreover, Harrison's contention that the government offered a global deal requiring every defendant to sign on would mean that Harrison's own rejection of the offer would have voided the entire plea deal and all the related documents. Even if not, it is difficult to see how these hearsay documents would have been admissible as evidence of Harrison's guilt at trial (of course, the codefendants could have testified against him, but the government could not have introduced the out-of-court plea documents of codefendants not testifying). In sum, any adverse effect resulting from the alleged conflict of interest is speculative at best. Harrison has thus failed to establish that he was denied effective assistance of counsel. *See Sealed Appellee v. Sealed Appellant*, 900 F.3d 663, 669 (5th Cir. 2018).

The judgment is AFFIRMED.