# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-40011
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ALEJANDRO GARZA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:00-CR-36-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Alejandro Garza was convicted by a jury of conspiracy to possess with intent to distribute more than five kilograms of cocaine, possession with intent to distribute more than five kilograms of cocaine, and aiding and abetting others in the possession with intent to distribute more than 500 grams of cocaine. The district court sentenced Garza to serve concurrent 324-month terms of imprisonment to be followed by concurrent five-year (counts one, two and three) and four-year (count four) terms of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garza timely filed a notice of appeal, but we dismissed his appeal for failure to prosecute. Garza subsequently filed a motion pursuant to 28 U.S.C. § 2255 in which he asked the district court for permission to file an out-of-time appeal. Although the district court granted Garza's motion, it did not reenter the criminal judgment against Garza. Thus, Garza's instant notice of appeal was filed more than six years after the original criminal judgment was entered against him and is untimely. See FED. R. CRIM. P. 4(b)(1)(A). However, the time limit for filing a criminal appeal is not jurisdictional and can be waived. United States v. Martinez, 496 F.3d 387, 388-89 (5th Cir. 2007). Because the Government did not oppose Garza's out-of-time appeal, it has waived application of Rule 4(b). Accordingly, we may address the merits of Garza's claims.

Garza argues for the first time on appeal that his sentence is invalid because the district court imposed a sentence under the mandatory federal guideline sentencing scheme and enhanced Garza's sentence on the basis of facts not admitted by Garza or found by the jury beyond a reasonable doubt. We review for plain error. United States v. Mares, 402 F.3d 511, 513, 520-22 (5th Cir. 2005). Garza is unable to establish plain error with regard to his claims because he cannot establish that being sentenced under a mandatory guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the Sentencing Guidelines were advisory only. See Mares, 402 F.3d at 520-22.

Garza also argues that the district court reversibly erred when it denied his motion for a new trial, arguing that the district court admitted inadmissible evidence under Rule 404(b) of the Federal Rules of Evidence. We review the denial of a motion for a new trial for abuse of discretion. When inadmissible Rule 404(b) evidence is introduced, a new trial is warranted if after reviewing the record there is a significant possibility that the prejudicial evidence had a substantial impact on the verdict. United States v. Honer, 225 F.3d 549, 555 (5th

Cir. 2000). The record reflects that overwhelming direct and circumstantial evidence of Garza's guilt was presented at trial. In light of the record, there is no significant possibility that the alleged 404(b) evidence had any impact on the verdict. Accordingly, Garza has failed to establish that the district court abused its discretion in denying his motion for a new trial.

AFFIRMED.