PER CURIAM: *
Luis Alejandro Garza, federal prisoner # 92434-079, convicted of four counts of violating federal drug laws, was sentenced to four concurrent 324-month terms of imprisonment. He filed a 28 U.S.C. § 2255 motion, requesting permission to file an out-of-time appeal and based on claimed ineffective assistance of counsel for failing to prosecute an appeal. The district court granted relief, and our court subsequently affirmed the convictions and sentences. United States v. Garza, 275 *482 Fed.Appx. 377 (5th Cir.), cert. denied, — U.S. -, 129 S.Ct. 423, 172 L.Ed.2d 306 (2008).
Garza filed a second § 2255 motion, challenging claimed errors during his trial. The district court dismissed the motion for lack of jurisdiction, concluding: the motion was successive; and, Garza had failed to obtain authorization from our court to file it. In the light of a circuit split on the question, the district court granted Garza a certificate of appealability for whether a subsequent § 2255 motion is barred as a successive motion under § 2255(h) when it raises issues that could have been raised in the initial § 2255 motion.
Review of a district court’s dismissal of a § 2255 motion as an unauthorized successive motion is de novo. See United States v. Orozco-Ramirez, 211 F.3d 862, 865 (5th Cir.2000). Garza’s contention that the district court erred in dismissing his second § 2255 motion as an unauthorized successive motion is foreclosed by our decision in Orozco-Ramirez. See id. at 869-71. Because Garza’s claims regarding his trial were available to him when he filed his initial § 2255 motion, they are successive. See id. His reliance on United States v. West, 240 F.3d 456 (5th Cir.2001), is misplaced: West clarified the procedure to be followed by a district court in granting an out-of-time appeal, id. at 458-59; it did not address whether a subsequent § 2255 motion is successive within the meaning of 28 U.S.C § 2244.
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.