# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2011

Lyle W. Cayce
Clerk

No. 09-40591
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ALEJANDRO GARZA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-496

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

At issue is whether, in the light of *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), discussed *infra*, the second 28 U.S.C. § 2255 motion filed by Luis Alejandro Garza, federal prisoner # 92434-079, is successive and therefore barred, because he has not received circuit-court authorization to file it. 28 U.S.C. § 2244(b)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40591

Garza was convicted in 2000 of four counts of violating federal drug laws and sentenced to four concurrent 324-month terms of imprisonment. A timely notice of appeal was filed, but our court dismissed for failure to prosecute in September 2000.

Five years later, pursuant to a 28 U.S.C. § 2255 motion, Garza requested permission to file an out-of-time appeal, based on claimed ineffective assistance of counsel for failing to prosecute his appeal in 2000. In his motion, he also requested that his conviction be vacated, which, if granted, would have resulted in entry of a new judgment. The district court granted permission for the out-of-time appeal. *Garza v. United States*, No. 1:00-CR-36-1 (S.D. Tex. 19 Dec. 2006) (order granting out-of-time appeal). In doing so, the court denied Garza's request that his conviction be vacated. Garza then filed a new notice of appeal.

For that permitted direct appeal, Garza contended: (1) his sentence was invalid because the district court imposed a sentence under the then mandatory Guidelines scheme and enhanced his sentence on the basis of facts not admitted by him or found by a jury; and (2) the district court erred in denying his motion for a new trial because the court admitted improper evidence. *United States v. Garza*, 275 F. App'x 377, 378 (5th Cir.), *cert. denied*, 129 S. Ct. 423 (2008). Before addressing the merits of Garza's appeal, our court observed that, even though Garza's new notice of appeal had been filed over six years after his original judgment, and was therefore untimely, "the time limit for filing a criminal appeal is not jurisdictional and can be waived". *Id.* (citation omitted). Our court held that, the Government's not having contested Garza's out-of-time appeal, it had, therefore, waived the limitation period for filing a notice of appeal in a criminal case. *Garza*, 275 F. App'x at 378; *see* FED. R. APP. P. 4(b)(1)(A)(i). Thus, there was no procedural bar to our court hearing his appeal. The convictions and sentences were affirmed. *Id.*

In 2008, Garza filed a second § 2255 motion, primarily again challenging claimed errors during his trial. He maintained: his counsel was ineffective

during the pretrial, pleading, trial, and sentencing processes; his "not guilty" plea was in violation of the Sixth Amendment because he was uninformed of his options; he was prejudiced by having his former detention teacher on the jury; and he was entitled to an evidentiary hearing.  The district court dismissed the motion for lack of jurisdiction, concluding:  the motion was successive; and, contrary to 28 U.S.C. § 2244, Garza had failed to obtain the requisite authorization from our court to file a successive motion.

Our court affirmed, holding Garza's second § 2255 motion was successive, because it raised issues that could have been raised in his initial § 2255 motion. *United States v. Garza*, 371 F. App'x 481, 482 (5th Cir. 2010).  In doing so, our court relied on *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000) (holding § 2255 motion successive when challenge to movant's conviction or sentence could have been raised in earlier § 2255 motion).

Subsequent to our decision, the Supreme Court decided *Magwood*, discussed below.  As a result, the Court vacated our decision and remanded to our court for reconsideration in the light of *Magwood*. *Garza v. United States*, 131 S. Ct. 1469 (2011).  Our court ordered supplemental briefing by the parties, including addressing three points relevant to *Magwood* and the proceedings in this case.

*Magwood* involved a state prisoner who filed a federal habeas petition challenging his conviction and sentence; that petition was conditionally granted (Magwood be either released or resentenced).  130 S. Ct. at 2791-93.  The trial court held a new sentencing proceeding and imposed the same sentence as before. *Id.* at 2793.  Magwood then filed a second habeas petition, challenging his new sentence. *Id.* at 2794.

The Court held, *inter alia*, that a second or successive habeas petition must be interpreted with respect to the judgment challenged.  "[W]here . . . there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not second or successive

at all". *Id.* at 2802 (internal citation and quotation marks omitted). As noted, the *new judgment* in *Magwood* resulted from resentencing; and a new sentence was imposed, based upon "a complete and new assessment of all of the evidence, arguments of counsel, and law". *Id.* at 2793 (citation and internal quotations marks omitted).

Review of the dismissal of a § 2255 motion as an unauthorized successive motion is *de novo*. *See Orozco-Ramirez*, 211 F.3d at 865. Garza contends his second § 2255 motion was not successive because the district court entered the "functional equivalent" of a new judgment in 2006, when it granted him an out-of-time appeal. As noted, however, although the district court granted Garza an out-of-time appeal after he filed his first § 2255 motion in 2005, it *denied* his request for his conviction to be vacated and did not reenter the judgment, as noted by our court in his direct appeal. *Garza*, 275 F. App'x at 378.

Generally, especially when the period for filing a criminal appeal was held jurisdictional, if the right to file an out-of-time direct criminal appeal is granted pursuant to a § 2255 motion, the underlying criminal judgment is vacated and re-entered by the district court before that permitted direct appeal proceeds. *United States v. West*, 240 F.3d 456, 458-59 (5th Cir. 2001). The current limitation period to file a notice of appeal following entry of a judgment is 14 days. FED. R. APP. P. 4(b)(1)(A)(i). Traditionally, our court held the limitation period to be both mandatory *and* jurisdictional; however, that period is no longer jurisdictional for criminal appeals. *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). In *Martinez*, our court relied upon *Bowles v. Russell*, 551 U.S. 205, 213 (2007), where the Supreme Court determined that the limitation period for filing a civil appeal is both mandatory and jurisdictional because that limitation period stems from a statutory and court-adopted time requirement. The *Bowles* Court also noted, however, that because criminal-appeal time requirements are not statutory, "it [is] improper for courts to use the term 'jurisdictional' to describe [judicially-imposed] time prescriptions in rules of

4

court". *Bowles*, 551 U.S. at 211; *see Martinez*, 496 F.3d at 388. Therefore, the Court made clear: the rule for filing a criminal appeal is not jurisdictional; and the limitation period can be waived. *Bowles*, 551 U.S. at 212-13; *Martinez*, 496 F.3d at 388-89.

As our court noted in deciding Garza's permitted direct appeal in 2008, the Government did not oppose his filing an out-of-time appeal and, therefore, waived the limitation period. *Garza*, 275 F. App'x at 378. Accordingly, our court addressed the merits of Garza's claims, even though no new judgment had been entered. *Id.* (citing *Martinez*, 496 F.3d at 388-89).

Thus, there was not a new judgment (nor the functional equivalent of one) intervening between Garza's two § 2255 motions; and, consistent with *Magwood*, Garza's second motion is successive. Because Garza's claims regarding that judgment entered in 2000 were available to him when he filed his initial § 2255 motion and subsequently pursued a direct appeal in our court concerning that judgment, his second § 2255 motion is foreclosed by our decision in *Orozco-Ramirez*, 211 F.3d at 869-71.

AFFIRMED.