# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-40049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2011

Lyle W. Cayce
Clerk

ROBERT WAYNE WATSON,

Plaintiff-Appellant,

versus

DWAYNE HUGHES, Industrial Specialist;
JIMMY A. HUTCHERSON, Garment Factory Supervisor;
MICHAEL W. CAMPBELL, Garment Factory Plant Manager;
PAULA R. JONES, Law Librarian,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-172

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robert Watson, Texas prisoner # 365712, filed a 42 U.S.C. § 1983 complaint alleging violations of the First and Eighth Amendments regarding an assault at the prison. The district court granted summary judgment on the basis that Watson failed to exhaust his administrative remedies. Watson argues that he exhausted them in accordance with the grievance procedures of the Texas Department of Criminal Justice ("TDCJ") that require inmates to try informal resolution before filing a Step 1 grievance.

Watson asserts that on the day of the assault, he sent an informal letter to the Office of Inspector General and prison officials regarding the assault. He contends that he should not be penalized by the fact that the informal investigation did was not completed until the fifteen-day time limit for filing a formal grievance had expired. He also suggests that he was prevented from using the formal grievance forms because he was told they were unavailable.

This court reviews a summary judgment *de novo*. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The TDCJ has developed a two-step grievance process. *Johnson v. Johnson*, 385 F.3d 503, 515 (2004). "[T]his Court has taken a strict approach to the exhaustion requirement." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007). Thus, a grievance must be pursued through both steps of the TDCJ system before it can be considered exhausted. *Johnson*, 385 F.3d at 515.

There is no basis to excuse Watson's failure to follow TDCJ's two-step grievance procedure. Watson's belief that he had to wait until the informal investigation concluded before he could file a Step 1 grievance is unfounded. Furthermore, his argument that he should be excused from the exhaustion requirement because he was told grievance forms were unavailable is also

unavailing: He does not contend that grievance forms were unavailable for the remaining fourteen days of the period for submitting a Step 1 grievance. Because he failed properly to exhaust, summary judgment was proper. *See Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *Johnson,* 385 F.3d at 515.

Watson also contends that the two-step procedure is unconstitutional because it requires an inmate to attempt to try to resolve a problem informally before filing a formal grievance. Watson asserts that "[p]rison officials mostly always wait days after the filing period to file a grievance has expired before responding to an inmate's attempt at resolution, therefore denying inmates access to grieve a legal issue." Watson's argument is unavailing, because it is based on a misinterpretation of the TDCJ grievance procedure. *See Johnson v. Ford*, 261 F. App'x 752, 756 (5th Cir. 2008).

AFFIRMED.