# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40828

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

LUIS ALEJANDRO GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-496
USDC No. 1:00-CR-36-1

Before BENAVIDES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This appeal is from the district court's denial of a *pro se* prisoner's motion to reopen a 28 U.S.C. § 2255 proceeding. Finding that the district court properly concluded that the § 2255 motion was barred as successive, we AFFIRM the denial of the motion to reopen the proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40828

## I.    BACKGROUND

In 2000, a jury convicted Defendant-Appellant Luis Alejandro Garza ("Garza") of four drug trafficking offenses, and the district court sentenced him to four concurrent 324-month terms of imprisonment.    Garza's subsequent appeal was dismissed for failure to prosecute.    Five years later, Garza filed a § 2255 motion, requesting permission to file an out-of-time appeal, arguing that his attorney performed ineffectively by failing to prosecute his appeal. The district court granted Garza's request, and this court subsequently affirmed his convictions and sentences. *United States v. Garza*, 275 F. App'x 377, 378 (5th Cir. 2008) (*Garza I*).    In doing so, this court noted that because the district court failed to vacate and reenter the 2000 criminal judgment as required for an out-of-time appeal under *United States v. West*, 240 F.3d 456, 461 (5th Cir. 2001), Garza's appeal was untimely.  *Garza I*, 275 F. App'x at 378. However, because the government waived the timeliness issue, this court considered the merits of Garza's appeal.    *Id.*    The Supreme Court denied Garza's petition for writ of certiorari.  *Garza v. United States*, 555 U.S. 955 (2008).

Two months later, Garza filed a second § 2255 motion.  *United States v. Garza*, 371 F. App'x 481, 482 (5th Cir. 2010) (*Garza II*).  He asserted six claims for relief, all stemming from his trial and sentencing.  Garza admitted that he had not raised any of the claims on direct appeal or in his first § 2255 motion. The district court dismissed Garza's second § 2255 motion as an unauthorized successive motion under 28 U.S.C. § 2244 because he could have, but failed to, raise the claims contained therein in his first § 2255 motion.  This court affirmed the district court's dismissal, stating as follows: "Because Garza's claims regarding his trial were available to him when he filed his initial § 2255 motion, they are successive."  *Garza II*, 371 F. App'x at 482 (citing *United*

2

*States v. Orozco–Ramirez*, 211 F.3d 862, 869–71 (5th Cir. 2000) (holding that a second § 2255 motion filed after a first motion requesting only an out-of-time appeal is second or successive when the second motion raises claims that could have been raised in the first motion)).  The Supreme Court granted Garza's petition for writ of certiorari, vacated this court's decision, and remanded the case for further consideration in light of *Magwood v. Patterson*, 561 U.S. 320 (2010).  *Garza v. United States*, 562 U.S. 1210 (2011).  In *Magwood,* the Supreme Court held that when there is a new judgment intervening between two habeas petitions, and the latter petition challenges the new judgment, it is not a second or successive petition under 28 U.S.C. § 2244(b).  561 U.S. at 341-42.

On remand, this court again affirmed the district court's dismissal of Garza's second § 2255 motion as an unauthorized successive motion.  *United States v. Garza*, 439 F. App'x 297, 300 (5th Cir. 2011) (*Garza III*).  This court noted that the district court had never entered a new judgment in Garza's underlying criminal case, and therefore, "consistent with *Magwood*, Garza's second § 2255 motion [was] successive." *Id.*  This court explained that because the claims he raised with respect to the judgment entered in 2000 could have been raised in his first § 2255 proceeding in which he was granted an out-of-time appeal, the motion was successive.  The Supreme Court denied Garza's petition for writ of certiorari.  *Garza v. United States*, 133 S. Ct. 100 (2012).

On October 26, 2012, Garza filed a motion to correct a defect in the integrity of his first § 2255 proceeding pursuant to Federal Rule of Civil Procedure 60(b).  He asked the district court to vacate and reinstate his 2000 criminal judgment in order to comply with this court's holding in *West*, 240 F.3d at 461, that a district court should reenter a criminal judgment after it

grants an out-of-time appeal. In 2014, the district court entered an order vacating and reentering the 2000 criminal judgment.

Garza then filed a motion to reopen his second § 2255 proceeding pursuant to *Magwood* based on the district court's 2014 reentry of his 2000 criminal judgment. The government opposed Garza's motion to reopen because his second § 2255 motion remained an unauthorized successive motion. Specifically, the government argued that *Magwood* was distinguishable from Garza's case because the 2014 reentry of Garza's 2000 criminal judgment was "merely a legal fiction created to allow an equitable 'reset' of the appellate timetable," rather than the type of "new judgment" contemplated in *Magwood.* Garza filed a reply, asserting that the government's argument was based on dicta in *Magwood.* He also argued that the district court's 2014 reentry of his 2000 criminal judgment constituted a new judgment under *Magwood*, thereby permitting him to proceed with his second § 2255 motion. The district court denied Garza's motion to reopen, concluding that "the 'new judgment' that results from a vacatur and reentry under *West* is not the type of 'new judgment' contemplated by *Magwood.*" The court further held that the motion was barred as successive because all the claims in the motion could have been asserted in his original § 2255 motion. Garza timely appealed and moved for a certificate of appealability ("COA"), which the district court granted, explaining that a reasonable jurist could conclude that the claims in Garza's § 2255 motion state a valid claim for the denial of a constitutional right. The court further noted that there was no post-*Magwood* precedent decisively resolving the procedural question in this case. Garza, proceeding *pro se,* now appeals.

II.    SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)

Garza contends that the district court erred in denying the motion to reopen his § 2255 proceedings. We review de novo the district court's

determination that Garza's motion is second or successive. *Orozco-Ramirez*, 211 F.3d at 865.[1]

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), a second or successive § 2255 motion must be certified by this court, as provided in § 2244, to contain newly discovered evidence or a new rule of constitutional law. *See* § 2255(h). "[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood*, 561 U.S. at 333. Relying on the Supreme Court's opinion in *Magwood,* Garza contends that the district court's vacatur and reinstatement of the judgment in 2014 constituted a new judgment that allows him to file a § 2255 motion. 561 U.S. 320.

In *Magwood*, the Supreme Court considered "whether a first application challenging a new sentence in an intervening judgment is second or successive" under § 2244(b). 561 U.S. at 335 n.11. Magwood was convicted of capital murder and sentenced to death. *Id.* at 324. Shortly before his execution, Magwood filed a 28 U.S.C. § 2254 petition. *Id.* at 326. The district court upheld Magwood's conviction but vacated his sentence and "conditionally granted the writ based on the trial court's failure to find statutory mitigating circumstances relating to Magwood's mental state." *Id.* The state trial court held a new sentencing proceeding and again sentenced Magwood to death. *Id.* After the entry of his second death sentence, Magwood filed a second § 2254 petition, challenging the new death sentence. *Id.* at 328. The district court again conditionally granted the writ. The court of appeals reversed, concluding

---

[1] The government argues that this court has already decided the instant issue in *Garza III,* 439 F. App'x 300, and thus, the law of the case doctrine bars our consideration of the issue. To begin with, we note that the law of the case doctrine is discretionary. *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008). In any event, because the crux of Garza's entire argument relies upon the district court's reentry of judgment in 2014 that occurred after *Garza III,* the court has not yet decided the issue.

that the petition was successive because it challenged the new sentence based upon the same allegedly improper aggravating factor that the state trial court had relied upon with respect to Magwood's original sentence. *Id.* at 329. The Supreme Court ultimately held that "where . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341-42 (citation omitted).

Although the Supreme Court's opinion in *Magwood* "establishes that a habeas application challenging a 'new judgment' is not second or successive, it does not define the term 'new judgment.'" *United States v. Jones,* --- F.3d ----, No. 13-50475, 2015 WL 4644629 (5th Cir. Aug. 4, 2015). This Court has had a few occasions to interpret the meaning of "new judgment." We explained that "[w]hether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed." *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012). In *In re Lampton,* the district court granted a § 2255 petition in part, concluding that the convictions for both conspiracy and continuing criminal enterprise (CCE) constituted double jeopardy. *Id.* at 587. The district court entered a judgment vacating the conspiracy conviction and the life sentence based on that conviction. *Id.* This court held that the second, subsequent petition attacking the remaining conviction and sentence for CCE was successive. *Id.* at 589. We explained that "Lampton's sentence on the CCE conviction remained intact after the initial § 2255 proceeding was completed." *Id.* Thus, we determined that there was "no new, intervening judgment to trigger the operation of *Magwood.*" *Id.*

In *Jones,* after unsuccessfully seeking relief pursuant to § 2255, the defendant filed an agreed motion for reduction of sentence based on the 2011

amendments to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). No. 13-50475, 2015 WL 4644629, at*1. The district court granted the motion and reduced the life sentences to 405 months. *Id.* Subsequently, the defendant filed another § 2255 motion, arguing that his trial counsel rendered ineffective assistance. *Id.* The district court held that the motion was successive. This court granted a COA with respect to whether the sentence reduction pursuant to § 3582(c)(2) "resulted in a new judgment such that his proposed § 2255 motion is not successive" under *Magwood.* *Id.* Turning to the language of § 3582(c)(2), we stated that the statute "does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modif[ication of] a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." *Id.* at *3 (citation and internal quotation marks omitted) (alteration in original). We also relied upon our prior holding that because a reduction in sentence pursuant to § 3582(c)(2) "does not affect the finality of a criminal judgment," such a reduction "does not restart the clock for AEDPA's one-year limitations period for the filing of § 2255 motions." *Id.* (quoting *United States v. Olvera,* 775 F.3d 726, 729 (5th Cir. 2015)) (internal quotation marks omitted). Accordingly, we opined that "[j]ust as his sentence reduction does not re-start AEDPA's one-year limitations clock under our precedent . . . , it also does not wipe clean the slate of habeas applications that he has previously filed." *Id.* Thus, we held that the reduction in sentence under § 3582(c)(2) did not constitute a new judgment under *Magwood.* *Id.* *See also In re Parker,* 575 F. App'x 415, 419 (5th Cir. 2014) (explaining that the amended judgment that corrected the terms of supervised release was not a new judgment under *Magwood* because it was not the result of a resentencing and had no effect on the overall length of the defendant's supervised release).

No. 14-40828

Applying the above precedent to the case at bar, we hold that the district court's reentry of the criminal judgment against Garza in 2014 did not constitute a resentencing or new sentence.[2] Indeed, it did not alter or amend Garza's convictions or sentences. The district court merely performed a ministerial task permitting an out-of-time appeal as set forth in *West,* 240 F.3d at 461. As such, the reentered judgment is not the type of "new judgment" contemplated by *Magwood*. Furthermore, because Garza's second § 2255 motion seeks to raise claims that he could have raised in his first § 2255 motion, his second § 2255 motion remains an unauthorized successive § 2255 motion. The district court did not err in denying Garza's motion to reopen his second § 2255 proceeding.

Finally, we note that the government's brief states that continued relitigation of the same issue is sanctionable and requests this court to caution Garza that further repetitious, frivolous or otherwise abusive filings will invite the imposition of sanctions. Because we do not find this appeal to be frivolous, we decline to issue a sanction warning.

AFFIRMED.

---

[2] Our conclusion is also supported by our pre-*Magwood* precedent. *See Orozco–Ramirez*, 211 F.3d at 867 (holding that a second § 2255 motion filed after a first motion requesting only an out-of-time appeal is second or successive when the second motion raises claims that could have been raised in the first motion).