United States Court of Appeals,

Fifth Circuit.

No. 96-50199

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Sam Denson O'CALLAGHAN;  Dee Ann West, Defendants-Appellants.

Feb. 21, 1997.

Appeals from the United States District Court for the Western District of Texas.

Before WISDOM, JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:

On December 22, 1995, following a jury trial, Sam Denson O'Callaghan and Dee Ann West were convicted of:  conspiracy to import heroin, methamphetamine, marijuana, and diazepam, in violation of 21 U.S.C. §§ 846, 952(a), and 960(a)(1) (count one);  conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count two);  importation of heroin, methamphetamine, marijuana, and diazepam, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and 18 U.S.C. § 2 (count three);  and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1)(count four).

Both O'Callaghan and West contend that the evidence was insufficient to support these convictions and the sentencing guidelines were improperly applied.  In addition, O'Callaghan contends that certain evidence was improperly admitted and the district court erroneously denied his motion for severance.

We have reviewed the record and the briefs of the parties and we make the following findings: (1) there was sufficient evidence to support the defendants' convictions on all counts;  (2) the admission of the evidence concerning the firearm was not an abuse of discretion;  (3) the trial court's denial of O'Callaghan's motion for severance was not an abuse of discretion;  (4) the district court's two-level enhancement of West's sentence for failure to appear was appropriate;  and (5) the trial

court did not make the requisite findings regarding O'Callagan's mental state in failing to appear. We write further to direct the court in this determination.

Section 3C1.1 of the Sentencing Guidelines provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels".[1] Application Note 3 of the Commentary to § 3C1.1 sets forth a non-exhaustive list of examples of obstructive conduct, including "willfully failing to appear, as ordered, for a judicial proceeding."[2] The defendant argues that his failure to appear was not "willful", and, therefore, the district court's enhancement of his sentence was inappropriate.

This court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo*.[3] In interpreting the Sentencing Guidelines, this court conducts a plain-meaning approach.[4] Applying this approach, we conclude that the term "willful" requires that the defendant consciously and deliberately fail to appear for trial.

The district court made a specific finding that West "willfully" failed to appear and the circumstances of her arrest support this conclusion. The district court, however, made no finding that O'Callaghan's failure to appear was "willful". O'Callaghan failed to appear in El Paso for trial at 9:00 a.m. on December 4, 1995. At that time, defense counsel informed the court that he had received a call from O'Callaghan indicating that he would be late arriving to court. The district court then revoked O'Callaghan's bond and issued a warrant for his arrest. He was arrested later that morning as he arrived at the El Paso airport. He contended that he arrived from Houston, where he lived, to attend court.

---

[1] U.S.S.G. § 3C1.1

[2] § 3C1.1, comment. (n.3(e)); *see also United States v. Valdiosera-Godinez,* 932 F.2d 1093, 1100 (5th Cir.1991) (failure to appear amounts to obstruction of justice under § 3C1.1), *cert. denied,* 508 U.S. 921, 113 S.Ct. 2369, 124 L.Ed.2d 275 (1993).

[3] United States v. Tedder, 81 F.3d 549, 550 (5th Cir.1996).

[4] *See United States v. Ronning,* 47 F.3d 710, 712 (5th Cir.1995) (interpreting the terms "leader" and "organizer").

At sentencing, defense counsel objected to the parole officer's recommendation that O'Callaghan's sentence be enhanced according to § 3C1.1. The defense counsel argued that O'Callaghan's tardiness was "negligent", "grossly negligent", even "stupid", but aptly observed that "negligence is not willfulness". The district court denied defense counsel's objection and assessed the two-level upward adjustment authorized by § 3C1.1. The district court reasoned:

> "He knew the Court setting. He wasn't here. Even though he was late, we were all scheduled to start trial. He should have been here at 9:00 a.m. in the morning. He should have taken the necessary preparation, sir."

The § 3C1.1 two-level enhancement for obstruction of justice is appropriate punishment for this tardiness only where the defendant "wilfully"—voluntarily and intentionally—failed to appear for trial.[5] The district court, however, did not find that O'Callaghan's tardiness was "willful", and based on our review of the record we are unable to make this determination.

Accordingly, West's conviction is AFFIRMED, O'Callaghan's conviction is AFFIRMED, West's sentence is AFFIRMED, and O'Callaghan's sentence is VACATED and REMANDED for a determination whether his tardiness was "willful" within the meaning of § 3C1.1.

---

[5] Our holding is in agreement with other circuits. See *United States v. Reed*, 49 F.3d 895, 901 (2nd Cir.1995); *United States v. Monroe*, 990 F.2d 1370, 1376 (D.C.Cir.1993); *United States v. Gardner,* 988 F.2d 82, 83 (9th Cir.1993). See also *United States v. Lister*, 53 F.3d 66, 69 (5th Cir.1995) (Holding that a defendant's awareness of the commencement of an investigation is necessary for a defendant to be found to have "willfully" obstructed justice under § 3C1.1).