IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50968
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSÉ MARCIANO BENITEZ-JAIMES,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-94-CR-83-13
- - - - - - - - - - -
August 14, 1997

Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

José Marciano Benitez-Jaimes appeals the increase in his
offense level for obstruction of justice and the denial of credit
for acceptance of responsibility.  Benitez-Jaimes contends that
the Government did not prove that he willfully failed to appear
for sentencing, and the district court did not make a finding
that his failure to appear was willful.  Benitez-Jaimes contends
that because he should not have received the increase for
obstruction of justice, the district court erred by denying him a

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reduction for acceptance of responsibility.

We review the district court's determination that appellant obstructed justice within the meaning of U.S.S.G. § 3C1.1 for clear error. United States v. Bethley, 973 F.2d 396, 402 (5th Cir. 1992). Benitez-Jaimes' deliberate failure to appear for sentencing provided grounds for imposing a two-level increase for obstruction of justice. See U.S.S.G. § 3C1.1, comment. (n.3(e)); United States v. O'Callaghan, 106 F.3d 1221, 1223 (5th Cir. 1997) (failure to appear is willful if it is conscious and deliberate). The district court's reliance on the information in the presentence report was not clearly erroneous. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995) (the district court may consider information in the presentence report as reliable evidence). The district court's implicit finding that appellant's failure to appear for sentencing was willful obviates a remand. See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994) (district court can make implicit findings as to contested facts as long as reviewing court is not left to second-guess the basis for the sentencing decision).

Benitez-Jaimes did not object to the denial of credit for acceptance of responsibility, and our review is limited to plain error. See Fed. R. Crim. P. 52(b). Benitez-Jaimes' conduct, failing to appear at sentencing and remaining a fugitive, does not support a finding that this is an extraordinary case in which adjustments for both obstruction of justice and acceptance of

responsibility would be appropriate.  See United States v. Ayala, 47 F.3d 688, 691 (5th Cir. 1995) (defendant's subsequent cooperation and entry of guilty plea after flight from custody, constituting obstruction of justice, did not warrant a finding of acceptance of responsibility).  The district court did not commit error, plain or otherwise, by denying credit for acceptance of responsibility.

AFFIRMED.