# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10502
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERREK STEVEN KATES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-191-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Derrek Steven Kates was convicted of conspiracy to distribute and possess with intent to distribute methamphetamine. The district court varied downwardly from the advisory guidelines range and sentenced Kates to 300 months of imprisonment and a four-year term of supervised release. He raises various challenges to his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10502

Kates argues that the district court mistakenly did not apply a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) and that this omission created an ambiguity regarding whether the district court actually intended to assess the enhancement. The record reflects that the district court intended to apply the enhancement but failed to include it in its calculation of Kates's offense level and guidelines range of imprisonment. However, Kates has not shown that any error caused the district court to adopt or apply an incorrect guidelines range, *see United States v. Stephens*, 717 F.3d 440, 446 (5th Cir. 2013), or a reasonable probability that he would have received a lesser sentence but for the error. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). To the contrary, the record suggests that any error inured to his benefit. Thus, he has not shown reversible plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009).

Furthermore, Kates argues that the district court wrongly applied an enhancement under U.S.S.G. § 2D1.1(b)(14)(D) because he merely avoided or fled from arrest. However, the facts do not reflect that Kates instinctively fled in the aftermath of a crime. *See United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Kates, after being arrested for a related state offense, became a fugitive to avoid being captured and prosecuted for all pending charges. He ignored a directive to turn himself in because there was a federal warrant for his arrest, did not present himself for arrest or prosecution, and remained a fugitive for nearly a month to avoid the judicial process until he was captured unwillingly. This conduct is indicative of a volitional and deliberate attempt to obstruct justice. *United States v. Greer*, 158 F.3d 228, 239 (5th Cir. 1998); *see United States v. O'Callaghan*, 106 F.3d 1221, 1223 (5th Cir. 1997). Thus, he has not shown that the district court clearly erred. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

No. 13-10502

Kates argues for the first time on appeal that the district court wrongly assessed a leadership-role enhancement under U.S.S.G. § 3B1.1(c) because he and his codefendant were equally culpable.  The district court's determination regarding his role in the offense is a factual finding that cannot constitute plain error.  *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005); *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995).

He further challenges the district court's application of an enhancement under U.S.S.G. § 2D1.1(b)(1).  He concedes that, during a search of his home, agents found a gun as well as methamphetamine and drug paraphernalia, but he argues that the gun was in a locked safe.  However, the facts support that the firearm was accessible to protect the methamphetamine as well as the participants during their illicit activities.  *See United States v. Rodriguez*, 62 F.3d 723, 724 (5th Cir. 1995).  Also, there was a sufficient spatial relationship between the gun and indicia of drug trafficking.  *See United States v. Juluke*, 426 F.3d 323, 326, 328 (5th Cir. 2005); *United States v. Navarro*, 169 F.3d 228, 230, 235 (5th Cir. 1999).  Because it is not clearly improbable that the gun was connected with the offense, *see* § 2D1.1, comment. (n.11(A)), the district court did not clearly err.  *See Juarez-Duarte*, 513 F.3d at 208.

Kates argues that his sentence was substantively unreasonable because the district court did not grant a more substantial downward variance.  The record establishes that the district court at sentencing made an individualized determination based on the facts presented and with reference to the 18 U.S.C. § 3553 factors and considered the arguments in support of a more substantial downward variance.  The court agreed that Kates did not warrant a criminal history category at the level of a career offender and varied downwardly on that basis.  Kates's unsupported argument that the district court should have sentenced him lower below the guidelines range reflects his disagreement with

No. 13-10502

the propriety of his sentence and the district court's weighing of the § 3553(a) factors.  Thus, Kates has failed to overcome the presumption that his sentence was substantively reasonable, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), and has not shown that the district court abused its discretion. *See Gall*, 552 U.S. 38, 51 (2007).

Finally, Kates argues that the district court made drug-quantity findings at sentencing by a preponderance of the evidence that caused him to be eligible for a higher sentence under the Sentencing Guidelines.  He contends that, in light of *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), and *Peugh v. United States*, 133 S. Ct. 2072 (2013), the Guidelines are "law" and, thus, are subject to the requirement that a jury find any fact that increases the penalty range.  However, the district court engaged only in factfinding that altered the guidelines range rather than increase the statutory minimum sentence, and, thus, the facts did not have to be admitted by Kates or found by a jury beyond a reasonable doubt.  *See Alleyne*, 133 S. Ct. at 2163; *United States v. Hinojosa*, 749 F.3d 407, 412-13 (5th Cir. 2014).  Accordingly, Kates has not shown error, plain or otherwise.

AFFIRMED.