**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Heber CENTENO, also known as
Momo, Defendant–Appellant**

**No. 16-40113
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Date Filed: 09/08/2016

Terri Lynn Hagan, Ernest Gonzalez, Assistant U.S. Attorneys, U.S. Attorney's Office, Eastern District of Texas, Plano, TX, for Plaintiff–Appellee.

James Patrick Whalen, Whalen Law Office, Frisco, TX, for Defendant–Appellant.

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

Heber Centeno appeals the 360–month sentence he received after he pleaded guilty to conspiracy to possess with intent to manufacture and distribute methamphetamine. Centeno argues that his sentence was procedurally unreasonable because the enhancements he received for possessing a dangerous weapon and for maintaining a premises for the purpose of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

manufacturing or distributing a controlled substance were not supported by the evidence. Centeno also moves for his record excerpts to be filed under seal.

A defendant's offense level may be enhanced two levels if he possessed a firearm during the drug activity made the basis of his conviction and the Government establishes by a preponderance of the evidence "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016), *petition for cert. filed* (July 6, 2016) (No. 16–5184); U.S.S.G. § 2D1.1(b)(1). Centeno's argument that the Government failed to make the required showing fails, given that he stipulated in his factual resume that he possessed methamphetamine with the intent to distribute it, and the Presentence Report (PSR), on which the district court was entitled to rely, *see United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010), set forth that methamphetamine and firearms were stored at Centeno's residence and that methamphetamine, drug paraphernalia, and firearms were stored at his business address. *See Romans*, 823 F.3d at 317.

Centeno's arguments to the contrary based on his joint residency with his common-law wife fail, *see United States v. King*, 773 F.3d 48, 54 (5th Cir. 2014), *cert. denied*, —— U.S. ——, 135 S.Ct. 1865, 191 L.Ed.2d 741 (2015), as do his arguments based on the fact that some of the firearms were locked up, *see United States v. Kates*, 582 Fed.Appx. 496, 496 (5th Cir. 2014), and that he was not the only person that had access to the business, *see United States v. Rodriguez–Guerrero*, 805 F.3d 192, 196 (5th Cir. 2015).

A defendant's offense level may also be enhanced if he "maintained a premises for the purpose of manufacturing or distributing a controlled substance." § 2D1.1(b)(12). Centeno's argument that he used the business only for his livelihood is not supported by the record. The PSR set forth that methamphetamine, drug packaging supplies, and several firearms were stored at Centeno's business address and that an individual who regularly delivered drugs for Centeno frequented the address. Thus, the district court's finding that Centeno maintained the premises for drug purposes was plausible in light of the record as a whole, and its application of § 2D1.1(b)(1)(12) was not clearly erroneous. *See United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015).

AFFIRMED. MOTION TO FILE RECORD EXCERPTS UNDER SEAL GRANTED.