# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-51092
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Ivan Martinez-Hernandez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-189-1

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jesus Ivan Martinez-Hernandez appeals his 41-month sentence for transporting undocumented immigrants into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II) & (B)(ii).  Martinez-Hernandez argues that the district court erred by imposing a two-level enhancement for obstruction of justice under United States Sentencing Guidelines § 3C1.1 because there

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was no finding by the court that he willfully engaged in obstructive conduct when he failed to appear for his sentencing hearing. In the district court, Martinez-Hernandez's counsel asserted his client had erred as to the hearing date and made arrangements to turn himself in to authorities later that same day. The Government argues that the district court did not err because it adopted the finding of the presentence report (PSR) that Martinez-Hernandez willfully failed to appear, that the district court's comments suggested it did not believe Martinez-Hernandez's explanation for failing to appear for sentencing, and that there is no evidence to suggest that Martinez-Hernandez was on his way to court until after he learned about an arrest warrant for his failure to appear.

A district court's interpretation of the Sentencing Guidelines is reviewed *de novo* and its factual findings, such as the obstruction of justice finding, are reviewed for clear error. *United States v. Greer*, 158 F.3d 228, 233 (5th Cir. 1998). The proponent of an adjustment must prove its applicability by a preponderance of the evidence. *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995).

In considering the term "willful" in the context of a failure to appear, this court has concluded that it requires a conscious and intentional failure. *United States v. O'Callaghan*, 106 F.3d 1221, 1223 (5th Cir. 1997). The district court did not make findings that establish willfulness. *See United States v. Miller*, 607 F.3d 144, 152 (5th Cir. 2010). Further, the record before this court does not suffice for us to make a determination that Martinez-Hernandez "willfully" obstructed justice. Rather, the district court appeared to acknowledge that Martinez-Hernandez made a mistake as to the hearing date, the Government did not offer evidence to the contrary, and the PSR did not cite anything other than the failure to appear. Thus, a remand for findings is warranted. *See O'Callaghan*, 106 F.3d at 1223; *see also Miller*, 607 F.3d at 152.

Martinez-Hernandez also challenges the denial of a reduction for acceptance of responsibility pursuant to § 3E1.1(a).  A denial of a reduction under § 3E1.1 will not be reversed unless the decision is "without foundation."  *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).  The denial of the adjustment was based on the same grounds as the obstruction enhancement.  Thus, it should also be addressed anew on remand.

Accordingly, we VACATE the sentence and REMAND this matter for further proceedings consistent with this opinion.