# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2012

Lyle W. Cayce
Clerk

No. 11-60096
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALLACE HAYNES, III, also known as Roots,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CR-104-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Wallace Haynes, III, was convicted of one count of possessing less than five grams of cocaine base with intent to distribute and is currently serving a sentence of 90 months in prison to be followed by a three-year term of supervised release. In this out-of-time direct appeal, Haynes claims that his counsel rendered ineffective assistance by failing to object to the presentence report and to challenge his base offense level, his criminal history, and the amount of drugs for which he was held responsible.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60096

Although not addressed by either party, we note that Haynes's notice of appeal was "both late and premature" because the district court did not reenter his judgment of conviction. *See United States v. West*, 240 F.3d 456, 457-59 (5th Cir. 2001); *see also In re Bradford*, 660 F.3d 226, 228 (5th Cir. 2011).  The time limit for filing a criminal appealhe, however, is not jurisdictional and can be waived. *United States v. Martinez,* 496 F.3d 387, 388-89 (5th Cir. 2007).  As the government does not raise this issue, it is waived, and we will address the merits of the appeal.

Haynes has not shown that he is entitled to relief.  The government invokes the waiver of his appellate rights in Haynes's plea agreement and contends that this waiver precludes consideration of his claims concerning counsel's alleged deficiencies at sentencing.  The government is correct.  Our review of the record confirms that Haynes's waiver was knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  This review likewise establishes that the plain language of the plea agreement applies to the claims he raises. *Id.*; *see also United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  The judgment of the district court is AFFIRMED.