# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY CAILLIER, II, also known as Larry Callier, II,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-76-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Larry Caillier, II, pleaded guilty to knowingly and intentionally receiving child pornography through interstate commerce. *See* 18 U.S.C. § 2242(a)(2)(A). The district court sentenced him to 168 months of imprisonment and 15 years of supervised release. In this out-of-time appeal, Caillier challenges the application of a higher offense level under U.S.S.G. § 2G2.1 by operation of U.S.S.G. § 2G2.2(c)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31241

Because the district court did not reenter the judgment of conviction upon granting Caillier leave to file an out-of-time appeal, Caillier's appeal was "both late and premature." *See United States v. West*, 240 F.3d 456, 457-59 (5th Cir. 2001). The Government, however, expressly waives the untimeliness of the appeal and we, therefore, address the merits. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007); *United States v. Haynes*, 469 F. App'x 317, 318 (5th Cir. 2012).

Caillier has not shown that he is entitled to relief. The record before the district court at sentencing confirms that the district court did not clearly err in finding that Caillier requested that a minor female send him sexually explicit photographs of herself. *See United States v. Rodriguez-Mesa*, 443 F.3d 397, 401 (5th Cir. 2006); *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989).

Additionally, the district court properly determined that Caillier's conduct fell within the ambit of § 2G.2.2(c)(1), which we construe broadly. *See* § 2G2.2(c)(1) & comment. (n. 5) (2009); *Rodriguez-Mesa*, 443 F.3d at 401. The record shows that Caillier's request to his minor student to provide him with sexually explicit photos of herself had the effect of the student producing the images and providing them to Caillier. Thus, in the ordinary meaning of the word "cause," Caillier's request caused the minor to engage in prohibited sexual conduct and the district court did not err in applying the higher offense level of § 2G2.1. *See* § 2G2.2(c)(1); *United States v. Carbajal*, 290 F.3d 277, 283 (5th Cir. 2003); BLACK'S LAW DICTIONARY (9th ed. 2009).

The judgment of the district court is AFFIRMED.